Shubing LIU, M.D., Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE, et al.,
Appellees.

No. 00–5345.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 11, 2001.

Decided Dec. 28, 2001.

Frederic W. Schwartz, Jr. argued the cause and filed the briefs for appellant.

Fred E. Haynes, Assistant U.S. Attorney, argued the cause for appellees. With him on the briefs were Roscoe C. Howard, Jr., U.S. Attorney, R. Craig Lawrence and Michael J. Ryan, Assistant U.S. Attorneys.

Before: SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Dr. Shubing Liu appeals from the judgment of the district court dismissing his action for judicial review of the Immigra-tion and Naturalization Service's denial of his second preference employment-based immigration petition. Because Dr. Liu has been granted first preference employment-based immigrant status, we hold that his case is moot.

Dr. Liu, a Chinese citizen engaged in medical research in the United States, filed a second preference employment–based petition (an "EB–2" petition) pursu-ant to 8 U.S.C. § 1153(b)(2), which allows visas to be granted to aliens of exceptional ability and aliens who are members of the professions holding advanced degrees. Pe-titions for EB–2 status generally must in-clude both a job offer and a certification from the Department of Labor. *See* 8 C.F.R. § 204.5(k). Although Dr. Liu had a job offer from the University of Pitts-burgh School of Medicine, he lacked the requisite labor certification. Therefore, Dr. Liu sought a waiver pursuant to 8 U.S.C. § 1153(b)(2)(B)(i), which permits the INS, via authority delegated from the Attorney General, to waive the job offer and labor certification requirements if such a waiver is found to be in the "national interest." *See Kooritzky v. Reich,* 17 F.3d 1509, 1510 n. 1 (D.C.Cir.1994).

In November 1998, the INS denied Dr. Liu's application for a waiver, finding that a waiver would not be in the national interest. On Dr. Liu's administrative ap-peal, the INS Administrative Appeals Unit affirmed. Dr. Liu then filed the present complaint. The district court refused to hear the case, holding that it lacked juris-diction. The court reasoned that the INS's decision not to grant Dr. Liu a national interest waiver was discretionary and that the Immigration and Nationality Act precludes judicial review of discretion-ary decisions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding judicial re-view of "any other decision or action of the Attorney General the authority for which

is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title"). The court also concluded that review was not available under the Administrative Procedure Act.

■ The case is now moot, so the government claims. Mootness goes to our jurisdiction, *see Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 374–75, 78 L.Ed.2d 58 (1983) (per curiam). It is therefore an optional ground of decision, and one we have decided to examine first in view of the more complicated issues § 1252(a)(2)(B)(ii) presents. The question of mootness arises as follows. After the INS denied Dr. Liu a national interest waiver and EB–2 status, he filed a first preference employment-based immigration petition (an "EB–1" petition) pursuant to 8 U.S.C. § 1153(b)(1)(B), which allows visas to be granted to outstanding professors and researchers. The INS granted Dr. Liu EB–1 status; his adjustment application for legal permanent residence status is now pending.

Dr. Liu offers four reasons why his case is not moot. First, he asserts that he would be able to switch jobs more easily if he had been granted EB–2 rather than EB–1 status. As against this, the government points to the American Competitiveness in the Twenty First Century Act, arguing that it allows Dr. Liu to switch jobs as long as the new job is in the "same or similar occupational classification." *See* 8 U.S.C. § 1154(j) (providing that a petition for individual immigrant status that remains unadjudicated for 180 days will remain valid with respect to a new job "if the new job is in *the same or a similar occupational classification* as the job for which the petition was filed") (emphasis added). Dr. Liu fears that the INS might read § 1154(j)'s use of the phrase "same or similar occupational classification" narrow-

ly, thus limiting his ability to change jobs while his application for legal permanent residence status is pending. He contends that if he had been granted a national interest waiver and EB–2 status, then he would be free to switch jobs more easily because he would only have to show that his new job remained in the "national interest."

■ The trouble is Dr. Liu has given us no reason for supposing that he might change jobs before the INS acts on his application for legal permanent residence status. At oral argument, we invited his attorney to remedy this factual gap with either representations or affidavits. He did not do so. To the contrary, Dr. Liu's supplemental brief states that it is "unlikely" that he will stray far from biological research. *See* Appellant's Supplemental Brief at 6. In short, all we have is the conjectural possibility that Dr. Liu *might* want to switch jobs and that the INS *might* construe § 1154(j) narrowly so as to prevent Dr. Liu from changing jobs. This simply is not enough. *See American Family Life Assurance Co. of Columbus v. FCC,* 129 F.3d 625, 628 (D.C.Cir.1997). To "save a case from mootness the ongoing injury must be more than a 'remote possibility,' not 'conjectural,' more than 'speculative.'" *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 507, 95 S.Ct. 2197, 2209–10, 45 L.Ed.2d 343 (1975)).

Second, Dr. Liu claims that if he leaves his job at the University of Pittsburgh, INS procedures would require that he wait for an interview with an immigration officer, which would delay the processing of his green card application. This argument too—as Dr. Liu admits in his supplemental brief—is based entirely on speculation. Dr. Liu also forgets that under the INS's I–485 Standard Operating Procedure, he would have to wait for an interview even if he had been granted a national interest

waiver and EB–2 status. *See* I–485 Operating Procedure at 7–3.24.

 Third, Dr. Liu asserts that his claim for attorney's fees is sufficient to save the case from mootness. The law is otherwise. The "mere fact that continued adjudication would provide a remedy for an injury that is only the byproduct of the suit itself does not mean that an injury is cognizable under Art. III." *Diamond v. Charles,* 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1708, 90 L.Ed.2d 48 (1986). *Contrast Washington Hosp. Ctr. Nat'l Rehabilitation Hosp. v. Collier,* 947 F.2d 1498, 1502 (D.C.Cir.1991) (holding that a claim for attorney's fees was sufficient to save the breach of contract case from mootness because attorney's fees were an element of the damages claim, not a mere byproduct of the suit). Hence, an interest in attorney's fees "is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 480, 110 S.Ct. 1249, 1255, 108 L.Ed.2d 400 (1990).

 Fourth and last, Dr. Liu contends that because he will have to continue to deal with the INS as his green card application is processed, his claim is "capable of repetition yet evading review" and therefore is not moot. *See S. Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). This argument also fails. "By 'capable of repetition' the Supreme Court now means a 'reasonable expectation that the same complaining party would be subjected to the same action again.'" *Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. District of Columbia,* 972 F.2d 365, 370 (D.C.Cir. 1992) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348–49, 46 L.Ed.2d 350 (1975) (per curiam)). Since he has been granted EB–1 status, it is extremely unlikely that Dr. Liu would be subjected to the *same* challenged action

(*i.e.,* a denial of a national interest waiver) in the future.

In short, Dr. Liu would not be any better off if he had been granted a national interest waiver and EB–2 status rather than EB–1 immigrant status. A live controversy has ceased to exist. We therefore affirm the judgment of the district court dismissing for lack of jurisdiction. In doing so, we affirm on the ground that the complaint is moot and do not reach the issue whether review is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii).

*So ordered.*