**Paul MOLLON and Anne M. Mollon, Appellants,**

v.

**Thomas J. RIDGE, Secretary, United States Department of Homeland Security and Eduardo Aguirre, Jr., Director, United States Citizenship and Immigration Services, United States Department of Homeland Security, Appellees.**

No. 02–5349.

United States Court of Appeals, District of Columbia Circuit.

March 3, 2004.

Paul Shearman Allen, James T. Reynolds, Paul Shearman Allen & Associates, Washington, DC, for Plaintiff–Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Robin M. Earnest, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Before: GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

ORDERED AND ADJUDGED that the case be dismissed as moot. The INS has adjudicated and denied the appellants' applications for adjustment of status, thus mooting their request for adjudication "within ten days." *Cf. Liu v. INS*, 274 F.3d 533, 535 (D.C.Cir.2002) (grant of first-preference employment visa mooted appeal of decision to deny petition for second-preference employment visa).

In addition, we do not have the authority to grant the retroactive relief sought by the appellants. In order to qualify for permanent residency, an alien must be "eligible to receive an immigrant visa." 8 U.S.C. § 1255(a)(2). An immigrant visa is available to an otherwise eligible alien who "has been employed for at least 1 year by a firm or corporation ... and [who] seeks to enter the United States in order to continue to render services to the same employer or to a subsidiary or affiliate thereof in a capacity that is managerial or executive." *Id.* § 1153(b)(1)(C). Because Mr. Mollon's employment terminated in July 2000, there is no longer any basis for the Mollons' petitions for adjustment of status. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913–16 (11th Cir.2003) (per curiam) (mandamus action seeking to compel INS to adjudicate retroactively application for adjustment of status moot because underlying visa had expired and INS no longer had authority to issue visa); *Iddir v. INS*, 301 F.3d 492, 501 (7th Cir.2002) (because statute unequivocally states applicants are eligible only "through the end of the specific fiscal year for which they were selected ... INS lacks the statutory authority to award the relief sought").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.