# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 19, 2007         Decided February 1, 2008

No. 06-7200

DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,
APPELLEE

v.

CAROLYN JEPPSEN AND
M.J., BY HER PARENT AND NEXT FRIEND, CAROLYN JEPPSEN,
APPELLANTS

Appeal from the United States District Court
for the District of Columbia
(No. 05cv01309)

*Paul S. Dalton* argued the cause and filed the briefs for appellants. *William E. Houston* entered an appearance.

*Mary T. Connelly*, Assistant Attorney General, Office of Attorney General for the District of Columbia, argued the cause for appellee. With her on the brief were *Linda J. Singer*, Attorney General at the time the brief was filed, *Todd S. Kim*, Solicitor General, and *Edward E. Schwab*, Deputy Solicitor General.

Before: GINSBURG, *Chief Judge*, and ROGERS and BROWN, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*:  The district court dismissed as moot the District of Columbia's suit against Carolyn Jeppsen and denied her application for attorneys' fees for want of jurisdiction.  We hold she was eligible for attorneys' fees as the "prevailing party" within the meaning of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*

## I.  Background

Jeppsen's daughter, M.J., has a hearing disability on account of which she attended a private school at public expense pursuant to the IDEA.  In 2003 the District of Columbia Public Schools initiated a program for the hearing impaired and in the fall of 2004 sought to move M.J. into the public school system.  Jeppsen petitioned for a "due process hearing," as provided in 20 U.S.C. § 1415(f), to contest the move.  When the hearing officer ruled that the District may not move M.J. to a public school, the District sought review by filing this suit against Jeppsen in the district court.  *See* 20 U.S.C. § 1415(i)(2) (according right of action in federal court to persons "aggrieved" by IDEA administrative proceeding).  The complaint sought declaratory relief, "reasonable costs and expenses, including attorneys' fees," and "any other relief that this Court deems just."

In the fall of 2005, during the pendency of this action, the District again sought to move M.J. into the public school system.  In January 2006 Jeppsen received another due process hearing, in the course of which the parties entered into a settlement agreement that the hearing officer incorporated into an order in favor of Jeppsen.

Jeppsen then moved to dismiss the instant action on the ground that the court could give the District no meaningful relief. The District had agreed to pay for M.J. to remain in private school during the 2005-06 school year, and Jeppsen argued the District's case was moot with respect to the prior school year, which had ended, and premature with respect to the next school year, by which M.J.'s needs may have changed. Jeppsen also sought attorneys' fees as the "prevailing party" under the IDEA. The District opposed Jeppsen's motion for dismissal, arguing the case was not moot with regard to the 2004-05 academic year because its complaint was broad enough for it to claim reimbursement of the tuition the District had paid for that year and the dispute was capable of repetition.

The district court, holding the IDEA does not authorize a school district to recover tuition or other expenses from a parent, concluded "there is no 'effectual relief' available to plaintiff" and dismissed the case as moot. 468 F. Supp. 2d 107, 111-12 (2006). The court then held it lacked jurisdiction to award attorneys' fees to Jeppsen because it had dismissed the case for want of jurisdiction. *Id.* at 112-13.

## II. Analysis

Jeppsen argues she is eligible for attorneys' fees because, having moved successfully to dismiss the case against her, she was the "prevailing party" in the district court. The District of Columbia first defends the district court's view that it lacked jurisdiction to award attorneys' fees because it had dismissed the action as moot. Alternatively, the District argues that under *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), a defendant who obtains a dismissal not based upon the merits of the case has not "prevailed" within the meaning of the IDEA. We address both propositions *de novo*. *Trudeau v. FTC*,

456 F.3d 178, 183 (D.C. Cir. 2006) (subject matter jurisdiction of district court); *Edmonds v. FBI*, 417 F.3d 1319, 1322 (D.C. Cir. 2005) (whether a "prevailing party").

A.   Jurisdiction of the District Court

Citing cases that hold a plaintiff's interest in attorneys' fees ordinarily does not confer Article III standing, *e.g.*, *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990); *Moseley v. Bd. of Educ.*, 483 F.3d 689, 694 (10th Cir. 2007), the District argues the district court did not have Article III jurisdiction to award fees to Jeppsen in this case, which is moot as to the merits and therefore not within the jurisdiction of the court.  The cases upon which the District relies, however, support only a narrower proposition:   Article III requires that the requested remedy redress the "injury in fact" of which a plaintiff complains, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); when intervening events have mooted the plaintiff's underlying claim, the plaintiff's continuing interest in attorneys' fees does not support her continued standing to pursue the underlying claim.  *Lewis*, 494 U.S. at  480; *see also Liu v. INS*, 274 F.3d 533, 536 (D.C. Cir. 2001).

In addition to its constitutional argument, the District argues the court lacks statutory subject matter jurisdiction to award fees.  The District points to *Keene Corp. v. Cass*, 908 F.2d 293, 298 (1990), in which the Eighth Circuit held a district court may not award attorneys' fees to a defendant who obtains the dismissal for want of jurisdiction of an action under 42 U.S.C. § 1983, on the ground that § 1988, the applicable fee-shifting provision, "does not by its terms confer subject matter jurisdiction upon federal courts."  We note the circuits are divided over whether a district court may award attorneys' fees to the defendant in a case over which the court lacks subject matter jurisdiction.  *Compare Primax Recoveries, Inc. v. Gunter*, 433

F.3d 515, 520 (6th Cir. 2006) ("court without subject-matter jurisdiction over an ERISA action lacks the authority to award attorney's fees"), *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995), *and W.G. ex rel. D.G. v. Senatore*, 18 F.3d 60, 64-65 (2d Cir. 1994), *with United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1055-58 (10th Cir. 2004), *and Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927-28 (7th Cir. 2000). *See also Wendt v. Leonard*, 431 F.3d 410, 414 (4th Cir. 2005) (finding no need to address this issue). As we explain in the next section, however, this case gives us no occasion to decide whether a defendant who obtains a dismissal for want of jurisdiction may be awarded attorneys' fees absent a statute conferring subject matter jurisdiction over her fee petition.

B.    "Prevailing Party" Status

The District relies upon *Buckhannon*, 532 U.S. 598, for the proposition that a party does not "prevail" unless it succeeds upon the merits of the case. In *Buckhannon* the Supreme Court rejected the "catalyst theory," according to which a plaintiff prevailed if its lawsuit brought about the desired change in the defendant's conduct without the court ordering the defendant to change its ways -- that is, without what the Supreme Court described as a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. Prior to *Buckhannon* we had held a defendant prevailed when it obtained a dismissal for improper venue. *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 525 (D.C. Cir. 1985) (defendant "achieved an enduring victory" in that plaintiff "is forever barred from reinstituting the action in the District of Columbia"); *see also Moten v. Bricklayers, Masons & Plasterers Int'l Union*, 543 F.2d 224, 239 (D.C. Cir. 1976) (per curiam) (appellee who secures dismissal for want of jurisdiction of appeal by intervenor is "prevailing party" under 42 U.S.C. § 2000e-5(k)). In the District's view, *Noxell* does not survive *Buckhannon*.

Under *Buckhannon* it is clear that a plaintiff "prevails" only upon obtaining a judicial remedy that vindicates its claim of right. *See Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 948 (D.C. Cir. 2005) (plaintiff whose "claim was fully vindicated by the court-ordered" preliminary injunction, although not a final determination on merits, is "prevailing party" under *Buckhannon*). On the other hand, a defendant might be as much rewarded by a dispositive order that forever forecloses the suit on a procedural or remedial ground as by a favorable judgment on the merits. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983) (res judicata precludes relitigating issue whether amount in controversy exceeds minimum required for jurisdiction under 28 U.S.C. § 1332). A ruling on a jurisdictional ground, that the action fails either in law or in fact, might give the defendant all it could receive from a judgment on the merits. Be that as it may, this court has not addressed whether, in light of *Buckhannon*, a defendant "prevails" when the case against it is dismissed for want of jurisdiction.

Prior to *Buckhannon*, the courts of appeals had divided on the issue whether a defendant "prevails" upon obtaining a judicial order dismissing the plaintiff's case for want of jurisdiction. *Compare Steel Co.*, 230 F.3d at 929-30 ("when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'" because such a dismissal is "an entitlement not to have any change in legal relations"), *with Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 183 n.15 (3d Cir. 1999) (contra), *and Keene Corp.*, 908 F.2d at 298. Within the Ninth Circuit, compare *Elks National Foundation v. Weber*, 942 F.2d 1480, 1485 (1991) (defendant may "prevail" on jurisdictional ground), with *Branson*, 62 F.3d at 293 (contra). Since *Buckhannon*, two courts of appeals have held that a defendant "prevails" only if it succeeds on the merits. *Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 164-65 (1st Cir. 2007); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98,

101-02 (2d Cir. 2006). The Tenth Circuit, on the other hand, adopted the reasoning of the Seventh Circuit in *Steel Co.* without citing *Buckhannon*, *see Grynberg*, 389 F.3d at 1056-58, and *Steel Co.*, like *Buckhannon*, relied upon *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782 (1989), in deciding whether a party "prevails." *Steel Co.* held the defendant had "prevailed" because it obtained a judicial order resulting in a "material alteration of the legal relationship of the parties," 230 F.3d at 929; *Buckhannon* held that a plaintiff does not prevail even though its action has caused the defendant to change its primary conduct, because the plaintiff does not thereby obtain a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604-05.

We need not enter the lists in this apparent conflict among the circuits in order to resolve the instant dispute. Recall the district court dismissed this action for want of jurisdiction only after holding not only that the District's action for declaratory relief had become moot when the school year ended but also that the IDEA did not create a right of action against a parent for the recovery of tuition or other monies the District had expended for private schooling. The latter ruling was a judgment on the merits, not a holding that the court lacked jurisdiction; the court held the District's claim failed because it was contrary to the statute.[*]

---

[*] Although Jeppsen does not argue the district court dismissed the District's case on the merits, she does argue that, because the district court held the District's claim for reimbursement failed, she "prevailed" in the district court; we are bound by neither the district court's nor the parties' characterization of the dismissal. *Cf. Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 n.4 (D.C. Cir. 2006) (district court's characterization of dismissal based upon APA as jurisdictional "of no consequence," as court of appeals may

### III. Conclusion

Because the dismissal of the District's case, properly understood, was a decision on the merits, it raises no doubt about the district court's jurisdiction to award attorneys' fees. On the merits, even if *Buckhannon* overruled *Noxell*, it is clear Jeppsen has "prevailed" in an "action or proceeding brought under" § 1415. 20 U.S.C. § 1415(i)(3)(B)(i)(I). Accordingly we remand the case to the district court in order that it may decide whether, "in its discretion," *id.*, to award Jeppsen attorneys' fees.

*So ordered.*

---

affirm "dismissal under Rule 12(b)(1) ... pursuant to Rule 12(b)(6)").