# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 17, 2009      Decided January 8, 2010

No. 09-7051

DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,
APPELLANT

v.

JOHN A. STRAUS AND JAMES E. BROWN & ASSOCIATES, PLLC,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-02075-RWR)

*Carl J. Schifferle*, Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellant. With him on the briefs were *Peter J. Nickles*, Attorney General, *Todd S. Kim*, Solicitor General, and *Donna M. Murasky*, Deputy Solicitor General.

*Roxanne D. Neloms* argued the cause for appellees. With her on the brief was *Tilman L. Gerald*.

*Arthur B. Spitzer*, *Caroline M. Brown*, and *Roger A. Ford* were on the brief for *amicus curiae* the American Civil Liberties Union of the National Capital Area in support of appellees.

Before: GINSBURG, TATEL, and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Relying on the fee-shifting provision contained in the Individuals with Disabilities Education Act (IDEA), the District of Columbia seeks fees from a lawyer who, on behalf of a special needs student, initiated administrative proceedings that were eventually dismissed as moot. The district court denied an award of fees on the ground that the District failed to qualify as a "prevailing party" under the IDEA as defined by the Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). For the reasons set forth below, we affirm.

**I**

The IDEA guarantees all children with disabilities a free, appropriate public education (FAPE). 20 U.S.C. § 1400(d)(1)(A). Of relevance to this case, the IDEA requires school districts to conduct any evaluations necessary to develop a child's individualized education plan (IEP). *Id.* § 1414(a).

In June 2008, the IEP team for D.R., a special needs student attending the District of Columbia Public Schools (DCPS), decided it needed a psychiatric evaluation of D.R. to prepare his IEP for the upcoming school year. DCPS agreed to complete the evaluation by August 5. When it failed to do so, D.R.'s family, represented by appellee John Straus, filed an administrative complaint seeking an order requiring DCPS to pay for an independent psychiatric evaluation. *See* 20 U.S.C. § 1415(b)(6)(A) (authorizing parents to file administrative challenges to "any matter relating to . . . evaluations"). The parents also sought (1) a declaration that

the delay in conducting the evaluation denied D.R. a FAPE and (2) an award of attorney's fees, *see Moore v. District of Columbia*, 907 F.2d 165, 167 (D.C. Cir. 1990) (en banc) (interpreting the IDEA's fee-shifting provision to apply in administrative proceedings as well as civil actions). Five days later, Dr. Richard Nyankori of the DCPS Chancellor's office sent Straus a letter authorizing the independent evaluation. That same day, the hearing officer held a prehearing conference. Although Straus knew of the Nyankori letter authorizing the evaluation, he refused to withdraw the complaint. Instead, he demanded a hearing, which the hearing officer held several weeks later. At that hearing, Straus conceded that the Nyankori letter provided the substantive relief his client sought, but argued "there should be something with respect to attorney's fees" for himself. Plaintiff's Renewed Motion for Summary Judgment, Exhibit D at 11, *District of Columbia v. Straus*, 607 F. Supp. 2d 180 (D.D.C. 2009) (No. 08-cv-2075).

Three days after the hearing, the officer ruled that the Nyankori letter "mooted" the controversy and dismissed the case with prejudice. Plaintiff's Renewed Motion for Summary Judgment, Exhibit C at 3, *Straus*, 607 F. Supp. 2d 180 ("SHO decision"). Neither party challenged that decision.

Although Straus is no longer pursuing his request for fees, the District sued him and his law firm in the United States District Court for the District of Columbia seeking an award of $1,752.25 to cover the attorney's fees it claims to have expended in the administrative hearing. The District argued that it was entitled to fees under the IDEA's fee-shifting provision because it had prevailed in the administrative proceedings and because Straus "continued to litigate the complaint after it had clearly become groundless."

Appellant's Br. 3; *see also* 20 U.S.C. § 1415(i)(3)(B)(i)(II) (authorizing the award of attorney's fees when the school district is the prevailing party and the parents' attorney litigated frivolously).  The district court disagreed, concluding that the District does not qualify as a prevailing party because it "secure[d] a dismissal for mootness . . . by [its] voluntary conduct." *Straus*, 607 F. Supp. 2d at 184.  The court therefore entered summary judgment for Straus.  The District appeals, and our review is de novo, *see District of Columbia v. Jeppsen*, 514 F.3d 1287, 1289–90 (D.C. Cir. 2008) (reviewing a summary judgment determination de novo).

## II

In the American legal system, litigants generally bear their own litigation costs.  Congress, however, has enacted a number of fee-shifting statutes that alter this rule, including most notably the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.  *Buckhannon*, 532 U.S. at 602–03 (listing fee-shifting statutes).  Such statutes authorize courts to award fees to the "prevailing party."  *See id.* at 603.  Like these statutes, the IDEA allows parents who are "prevailing part[ies]" to recover attorney's fees incurred in both administrative and judicial proceedings.  20 U.S.C. § 1415(i)(3)(B)(i)(I); *see also Moore*, 907 F.2d at 167.  Central to the issue before us, the IDEA also allows school districts to recover fees if they prevail in litigation brought by parents.  Specifically, subsection II of section 1415(i)(3)(B)(i) authorizes awards of attorneys' fees

> to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to

> litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

*Id.* § 1415(i)(3)(B)(i)(II).

As the Supreme Court explained in *Buckhannon*, "the term 'prevailing party' [is] a legal term of art" that requires more than achieving the desired outcome; the party seeking fees must also have "been awarded some relief by the court." 532 U.S. at 603. In *Buckhannon*, the Court rejected the so-called catalyst theory under which some courts had awarded fees to plaintiffs' lawyers who secured favorable out-of-court settlements. According to the Court, such voluntary actions by defendants "lack[] the necessary judicial *imprimatur*." *Id.* at 605. Following *Buckhannon*, we articulated a three-part test for determining prevailing-party status: (1) there must be a "court-ordered change in the legal relationship" of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief. *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492–93 (D.C. Cir. 2003) (internal quotation marks and alterations omitted). Although we developed this test in connection with requests for fees by plaintiffs, we have applied its latter two requirements to requests by defendants as well. *Jeppsen*, 514 F.3d at 1290 (finding that a dismissal on the merits qualifies the defendant as a prevailing party).

In this case, the second factor is easily satisfied. The hearing officer's dismissal of the case was in "favor" of the District, *Thomas*, 330 F.3d at 493 (internal quotation marks omitted), and Straus nowhere argues otherwise. Focusing on the third factor, the District argues that the hearing officer's "pronouncement [was] []accompanied by judicial relief," *id.*, because he "rejected the administrative complaint on its merits," Appellant's Br. 21. In support, the District points out

that in addition to seeking an evaluation, the complaint asked for a declaration that D.R. was denied a FAPE. "By pursuing the litigation," the District argues, "Straus demanded a decision on the merits." *Id.* at 22. As the District also notes, the hearing officer found that D.R. "suffered no educational harm." SHO decision at 4.

Given the hearing officer's conclusion that the Nyankori letter mooted the case, however, the language the District relies on is dicta. As the hearing officer himself made quite clear, the "*only issue* before [him] is DCPS' alleged failure to conduct a psychiatric evaluation," which he concluded "was mooted by DCPS' prompt authorization of an independent evaluation." SHO decision at 3 (emphasis added). Moreover, the portion of the hearing officer's decision the District relies on begins with a counterfactual subjunctive: "The facts of this case *suggest* that even if DCPS had not authorized an independent evaluation, Petitioner *would have faced* an uphill burden of proving" educational harm. *Id.* (emphasis added). To be sure, the hearing officer goes on to state that D.R. "suffered no educational harm." *Id.* at 4. Read in context, however, that sentence represents not a decision on the merits, but instead the hearing officer's speculation about what might have happened had DCPS refused to provide the evaluation.

*District of Columbia v. Jeppsen*, 514 F.3d 1287 (D.C. Cir. 2008), does not help the District. That case involved three separate claims, one of which the district court decided on the merits in favor of the parents. Given that, we held that the parents qualified as prevailing parties even though one of the other claims was dismissed as moot. *Jeppsen*, 514 F.3d at 1291. Here, by contrast, the hearing officer resolved nothing on the merits. Although the complaint asked for declaratory relief as well as for the psychiatric evaluation, the hearing officer found that the evaluation was the "only issue" in the

case and, once DCPS provided it, dismissed the case as moot. SHO decision at 3.

The District argues that it nonetheless qualifies as a prevailing party because "'a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata.'" Appellant's Br. 18 (quoting *Anthony v. Marion County General Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980)). Res judicata effect would certainly qualify as judicial relief where, for example, it protected the prevailing school district from having to pay damages or alter its conduct. *See, e.g.*, *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005) (awarding attorney's fees to the defendant where the plaintiff voluntarily moved to dismiss the case because she lacked sufficient evidence after her witnesses recanted); *see also Jeppsen*, 514 F.3d at 1290 (hypothesizing that, in certain circumstances, "[a] ruling on a jurisdictional ground, that the action fails either in law or in fact, might give the defendant all it could receive from a judgment on the merits."). But in this case, the hearing officer's dismissal protected the District from nothing at all because DCPS had already agreed to pay for the requested evaluation—the only issue then before the hearing officer. In other words, the District's favorable judicial pronouncement was "unaccompanied by judicial relief." *Thomas*, 330 F.3d at 493 (internal quotation marks omitted). If the District were considered a prevailing party under these circumstances, then DCPS could ignore its legal obligations until parents sue, voluntarily comply quickly, file for and receive a dismissal with prejudice for mootness, and then recover attorney's fees from the parents' lawyers. As amicus explains, such an outcome would deter lawyers from taking IDEA cases, "effectively block[ing] the one enforcement mechanism parents have when an educational agency drags its heels," and undermining the IDEA's very purpose. Br. of Amicus Curie ACLU 28; *see Moore*, 907

F.2d at 166 (finding that the availability of administrative proceedings and the "'right to be accompanied and advised by counsel'" therein help "guarantee that the policy [of the IDEA to provide FAPEs to children] is faithfully administered" (quoting 20 U.S.C. § 1415(h)).

The District insists that even if not every involuntary dismissal with prejudice conveys judicial relief, the one in this case did because Straus "pressed forward" and was "halted only by the hearing officer's decision." Appellant's Br. 27, 26. But this argument ignores the language of the IDEA's fee-shifting provision. Subsection II allows a school district that is a "prevailing party" to recover fees "against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II). Under the statute, then, the behavior of the parents' lawyer becomes relevant only if the school district first qualifies as a prevailing party. Here, because the District does not qualify as a prevailing party, it may not recover fees even if Straus continued to litigate inappropriately. *See id.*

The District makes one final argument. Even if it is unable to qualify as a prevailing party under subsection II, it claims that it may receive fees under a different section of the IDEA's fee-shifting provision, namely subsection III, which authorizes awards

> to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(III). According to the District, subsection III's use of the term "prevailing" in lieu of subsection II's "prevailing party" signals that *Buckhannon*'s definition of "prevailing party" does not apply to subsection III. In support, the District points out that although subsection II is based on section 1988, the general civil rights attorney's fees statute, subsection III mirrors Federal Rule of Civil Procedure 11, which authorizes courts to sanction attorneys who submit pleadings or other filings "for any improper purpose." Freed from the constraints of *Buckhannon*, the argument goes, "prevailing" in subsection III simply means the winning side—in this case, the District.

According to Straus, however, the District forfeited this argument by failing to raise it in the district court. *See Adams v. Rice*, 531 F.3d 936, 945 (D.C. Cir. 2008) (holding that a party forfeits for appeal arguments not raised before the district court). We agree. The District's complaint sought relief only under subsection II, and although the District did argue in its motions for summary judgment that Straus acted with an "improper purpose" as required by subsection III, it never claimed, as it does here, that the word prevailing in subsection III means something different from prevailing party as defined by *Buckhannon*.

The District claims that Straus "forfeited any contention that the District's argument is forfeited" because his brief never "explicitly suggest[s]" that the District's argument was "improper[]." Reply Br. 12. But in the case the District cites in support, *Fox v. District of Columbia*, 83 F.3d 1491, 1495–96 (D.C. Cir. 1996), the party in Straus's position made no mention at all of the forfeited argument. By contrast, Straus's brief points out the obvious—that the District "failed to plead this argument in its original complaint or any of its papers

filed in the District Court"—and then states that he "will nonetheless address it in the first instance." Appellees' Br. 26. Read most naturally, these statements indicate that Straus believed that although he was under no obligation to respond to the District's new argument because the District had forfeited the point, he would "nonetheless" address it. True, Straus never said in so many words that the District forfeited the argument, but the District identifies no case, nor are we aware of one, requiring a party to invoke the magic word "forfeit." The District failed to make its argument in the district court, and Straus raised the point. Our cases require nothing more.

## III

The judgment of the district court is affirmed.

*So ordered.*