RANDOLPH, Senior Circuit Judge,
concurring:
Although I have my doubts about the result in District of Columbia v. Straus, 590 F.3d 898 (D.C.Cir.2010), I agree that the decision requires us to reverse. But I do not agree with the majority’s implicit criticism of the District for even seeking attorneys’ fees. Maj. Op. at 1195-96.
The District invoked the portion of the statute allowing an educational agency to collect attorneys’ fees from a parent’s attorney if the agency is a “prevailing party” and if the attorney “continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation.” 20 U.S.C. § 1415(i)(3)(B)(i)(II). The District had ample grounds for its claim: the attorney, Chike Ijeabuonwu, did not tell his clients that the District had agreed to his demands, he persisted in his administrative complaint after the case thus became moot, and he admitted that he was prolonging the litigation in order to collect fees for himself. That is the sort of conduct that deserves a sanction, and requiring Ijeabuonwu to pay attorneys’ fees would have accomplished that end.
The portion of Straus the majority quotes at the end of its opinion seems to me incorrect. Straus seemed to assume the District could collect attorneys’ fees if it “ignore[d] its legal obligations until parents sue[d], voluntarily complied] quickly, [and] file[d] for and receive[d] a dismissal with prejudice for mootness....” Maj. Op. *1197 at 1196 (quoting Straus, 590 F.3d at 902). The majority states, as did Straus, that this would deter lawyers from taking IDEA cases. But it would not. It would deter only attorneys who sought to prolong the case after litigation became “frivolous, unreasonable, or without foundation” — and that is all to the good.