**SCHOOL FOR ARTS IN LEARNING PUBLIC CHARTER SCHOOL, Plaintiff,**

v.

**Fatmata BARRIE, et al., Defendants.**

**Civil Action No. 09–2357 (RWR).**

United States District Court, District of Columbia.

Aug. 29, 2011.

Ellen Douglass Dalton, Lauren E. Kasprzak, Dalton & Dalton, PC, Alexandria, VA, for Plaintiff.

Fatmata B. Barrie, Law Offices of Christopher Anwah, PLLC, Washington, DC, pro se.

Chinedu Iweanoge, The Iweanoges' Firm, P.C., Washington, DC, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

RICHARD W. ROBERTS, District Judge.

The School for Arts in Learning Public Charter School ("SAIL"), a local educational agency under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, moves to alter the judgment denying SAIL an award of attorney's fees for not prevailing on the merits at the administrative level. SAIL argues that the court clearly erred by finding that the

defendants orally withdrew the administrative complaint which left the hearing officer nothing to resolve on the merits, and asks for an opportunity to present evidence that the defendants knowingly pursued a frivolous complaint. Because SAIL merely reargues facts upon which the court has already ruled, the motion to alter judgment will be denied.

## BACKGROUND

The facts of this case are recited in part in *SAIL v. Barrie, et al.,* 724 F.Supp.2d 86, 86–88 (D.D.C.2010). Briefly, the Law Offices of Christopher N. Anwah (the "Anwah Firm") filed an IDEA administrative due process complaint against SAIL on behalf of parent Nakeisha Arrington's daughter, K.A., in 2008. The complaint accused SAIL of failing to conduct various neuropsychological evaluations of K.A. The parties resolved their disputes at a hearing. *Id.* at 87. Thereafter, the hearing officer issued an order reflecting SAIL's agreement to complete the evaluations and to convene a multi-disciplinary team ("MDT") to discuss K.A.'s individualized education program and compensatory education. *Id.* In a June 2008 letter following the MDT meeting, SAIL offered to enroll K.A. in a 2008 summer youth program instead of sponsoring the tutoring at Sylvan Learning Center that Arrington had requested as compensatory education. (Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. to Alter J. ("Pl.'s Reply"), Ex. 2A at 2.) SAIL received no response. (Pl.'s Reply, Ex. 2 at 1.)

In August 2009, defendant Fatmata Barrie, then an Anwah firm employee, filed a second due process complaint on Arrington's behalf. It alleged that at a May 2009 MDT meeting, Arrington again requested compensatory education for missed services during the 2007–2008 and 2008–2009 school years, and that the MDT team agreed that the school system would address the issue but the system did not do so. (Pl.'s Reply, Ex. 3 at 3.) The complaint sought funding of an independent tutor of the parent's choice as compensatory education. SAIL moved to dismiss the complaint, which Barrie announced at the outset of a September 2009 pre-hearing conference that she withdrew. (Pl.'s Mot. to Alter J. ("Mot. to Alter"), Ex. 1 at 2–3.) The hearing officer nevertheless concluded thereafter that the June 2008 letter had offered Arrington the relief she sought and that the complaint therefore was moot. He granted SAIL's motion and dismissed the complaint with prejudice.

SAIL sued Barrie and the Anwah Firm here for attorney's fees, arguing that it had prevailed[1] at the August 2009 administrative hearing and that the second due process complaint was frivolous. However, Barrie filed a motion to dismiss which was construed as one for summary judgment, and it was granted. The court found that Barrie orally withdrew her due process complaint at the pre-hearing conference thereby mooting it, and that the hearing officer's dismissal of a case thus mooted resolved nothing on the merits and provided SAIL with no judicial relief. *SAIL,* 724 F.Supp.2d at 90; *see also District of Columbia v. Straus,* 590 F.3d 898, 901 (D.C.Cir.2010).

Arguing that the hearing officer afforded SAIL judicial relief, SAIL now moves to vacate the summary judgment in favor of the defendants and to offer evidence

---

1. Under the IDEA, courts may award attorney's fees "to a prevailing party who is a State educational agency or local education agency against the attorney of a parent who files a complaint or subsequent cause of action that is [or continues to litigate after the litigation clearly becomes] frivolous, unreasonable, or without foundation[.]" 20 U.S.C. § 1415(i)(3)(B)(i)(II).

that Barrie knowingly pursued a frivolous complaint.

## DISCUSSION

 Courts need not grant a Rule 59(e) motion to alter a judgment unless "there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996) (internal citation omitted). Courts have routinely held that Rule 59(e) motions are not vehicles for "'reargu[ing] facts and theories upon which a court has already ruled[,]'" or for "rais[ing] new issues that could have been raised previously.'" *Ala. Educ. Ass'n v. Chao*, 595 F.Supp.2d 93, 96 (D.D.C.2009) (internal citation omitted); *Harvey v. D.C.*, 949 F.Supp. 878, 879 (D.D.C.1996). Indeed, such motions are "disfavored" and granted only upon a showing of "extraordinary circumstances." *Sataki v. Broad. Bd. of Governors*, 272 F.R.D. 21, 24 (D.D.C.2010) (internal citation omitted).

 SAIL asserts that it was clear legal error to find that the defendants orally withdrew the due process complaint leaving no merits relief to be granted. It argues that the hearing officer declined to accept the oral withdrawal in the absence of prior notice of a withdrawal, found on the merits that SAIL's June 2008 letter had granted the relief the defendants sought making moot their complaint, and as relief to SAIL, dismissed the defendants' complaint with prejudice. Therefore, SAIL concludes, it was a prevailing party and is entitled to present evidence here that the defendants had knowingly pursued a frivolous due process complaint.

 A prevailing party obtains a "judicially sanctioned change in the legal relationship of the parties." *SAIL*, 724 F.Supp.2d at 88–89 (internal citation omitted). In this circuit, courts assign prevailing party status if: "(1) there ... [is] a 'court-ordered change in the legal relationship' of the parties; (2) the judgment [is] ... in favor of the party seeking fees; and (3) the judicial pronouncement [is] ... accompanied by judicial relief." *See SAIL*, 724 F.Supp.2d at 89 (quoting *Straus*, 590 F.3d at 901). The second and third factors are applied to assess whether a school named as a defendant in an IDEA administrative complaint qualifies as a prevailing party entitled to attorney's fees. *See District of Columbia v. Jeppsen*, 514 F.3d 1287, 1290 (D.C.Cir.2008).[2] To fulfill the third prong, a party must succeed on the merits of the case. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

 In turn, clearly erroneous findings lack "substantial evidentiary support or ... [were] induced by an erroneous application of the law[.]" *N. Cent. Airlines, Inc. v. Cont'l Oil Co.*, 574 F.2d 582, 587 n. 14 (D.C.Cir.1978) (internal citation omitted). "Beyond that, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

SAIL's challenge to the finding that the defendants orally withdrew their due process complaint merely reargues an issue that was previously litigated by the parties and decided, and is not entitled to a new

---

**2.** The court found that the second prong of the *Straus* test was satisfied. *See SAIL*, 724 F.Supp.2d at 89.

airing. In any event, the hearing officer's order demonstrates that the finding was not a product of legal or factual error. The order makes plain that at the outset of the hearing, the defendants stated that they withdrew the due process complaint. (Mot. to Alter, Ex. 1 at 3.) As *SAIL* explained, that left no live case or controversy to adjudicate. 724 F.Supp.2d at 90. Whether the defendants had provided notice of the withdrawal before the hearing or orally at the outset of the hearing does not change the result. And what the hearing officer did or said after that would not resurrect a controversy that the defendants had already put to rest. There simply were no merits to reach, and there was no relief on the merits to be awarded.[3]

Nor does SAIL identify any other basis for altering the judgment. It cites no intervening change of controlling law or any manifest injustice. The only "new" evidence SAIL cites—the hearing officer's September 2009 Order—was published five months before SAIL opposed Barrie's motion to dismiss. (*See* Pl.'s Mot. to Alter J. at 5.) The Order is not "new" within the meaning of *Firestone* and does not form a basis for altering the court's judgment. *Firestone*, 76 F.3d at 1208.[4] Accordingly, no clear error infected the court's determination that the hearing officer did not afford SAIL judicial relief.

## CONCLUSION AND ORDER

SAIL has presented no intervening change in controlling law, new evidence, clear error, or manifest injustice that would warrant altering the summary judgment for the defendants. Accordingly, it is hereby

ORDERED that SAIL's motion [13] to alter judgment be, and hereby is, DENIED.

---

3. As *SAIL* noted, the plaintiff's June 2008 letter may or may not have mooted the controversy. 724 F.Supp.2d at 90 n. 3. The letter offered a plan for the summer of 2008, not the tutoring at Sylvan that the defendants sought. While the letter may or may not have mooted any claim that SAIL failed to develop a plan to provide compensatory education services missed during the 2007–2008 school year, the due process complaint also complained of SAIL's failure to create a plan for the 2008–2009 year, and failure to keep its May 15, 2009 agreement to address the defendants' renewed request for compensatory education.

4. SAIL claims that had it anticipated that the defendant's motion to dismiss would have been treated as a motion for summary judgment, it would have provided the hearing officer's order with its opposition to show that judicial relief was awarded (Pl.'s Mem. in Supp. of Pl.'s Mot. to Alter J. at 5), and filed its own summary judgment motion to show that the administrative complaint was frivolous (Pl.'s Reply at 2). However, SAIL saw the same facts outside of the pleadings that the defendants presented in their motion to dismiss as the court saw and cited that warranted summary judgment treatment under Fed.R.Civ.P. 12(d). *SAIL*, 724 F.Supp.2d at 88. That was the time to present a factual response or a cross motion, not after an adverse judgment was entered.