**Dwanda HOLTZCLAW, et al., Plaintiffs,**

**v.**

**DISTRICT OF COLUMBIA, Defendant.**

**Civil Action No. 12-530 (BAH) (JMF)**

United States District Court, District of Columbia.

Signed 09/04/2013

Robert W. Jones, James E. Brown & Associates, PLLC, Washington, DC, for Plaintiffs.

Paul S. Dalton, Options Public Charter School, Washington, DC, for Options Public Charter School.

---

## MEMORANDUM AND ORDER

BERYL A. HOWELL, United States District Judge

Before the Court is a Report and Recommendation ("R & R") filed on July 31, 2013 by the Magistrate Judge to whom this matter was referred for full case management. *See* Order dated April 30, 2013, ECF No.7. The R & R recommended that the parties' cross-motions for summary judgment should each be granted in part and denied in part, with the result that the plaintiffs' claim for a substantial amount of the attorney's fees incurred during administrative proceedings would be awarded. *See* R & R at 17, ECF No. 23. Under Local Rule 72.3(b), a party may file written objections to the magistrate judge's proposed findings and recommendations within 14 days. LCvR 72.3(b); *see also* FED. R. CIV. P. 72(b)(2). Failure to file timely objections operates to "waiv[e] the right to further consideration of any sort," *Thomas v. Arn*, 474 U.S. 140, 152, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), although the district court may give whatever "consideration to the magistrate's report [that] the court considers appropriate." *Id.* at 150, 106 S.Ct. 466. Since the parties have waived any objections to the R & R by not filing any timely objections, and for the reasons set out below, the Court adopts the recommended disposition of the pending motions.

The plaintiffs, Dwanda Holtzclaw and her child, A.H., bring this action against the defendant, District of Columbia Public Schools ("DCPS"), pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, *et seq.* Plaintiff A.H. is qualified to receive special education related services from DCPS and resides with Holtzclaw in the District of Columbia, where he attends Options Public Charter School. *Compl.* ¶ 8, ECF No. 1. To address the child's educational needs, the plaintiffs and the defendant developed an Individualized Education Plan ("IEP") for the child. *See* Administrative Record ("AR") 169, ECF No. 9-2.

On October 17, 2011, the plaintiffs filed an administrative due process complaint regarding special education needs. *Id.* at 163. Upon consideration of the plaintiffs' due process complaint, an administrative hearing officer ("HO") found (1) that the defendant failed to provide the Student with special education and related services in conformity with his Individualized Education Plan ("IEP"), *see* AR 181, and (2) that the defendant denied the Student a Free and Appropriate Education ("FAPE") when it failed to propose and provide an IEP that was reasonably calculated to provide educational benefit. *Id.* at 181-82. Based upon these findings, the HO granted the plaintiffs' request for relief. *Id.* at 182-83.

Following the HO's decision, the plaintiffs initiated the instant action to recover attorney's fees incurred in the administrative proceeding in which they claimed to be the "prevailing party" under the IDEIA, 20 U.S.C. § 1415(i)(3)(B)(I). *Compl.* ¶¶ 13-15, ECF No. 1. A party is deemed to have prevailed under the IDEA when (1) there is a court ordered change in the legal relationship of the parties; (2) the judgment is in favor of the party seeking fees; and (3) the judicial pronouncement is accompanied by judicial relief. *D.C. v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010). The Magistrate Judge found that the legal relationship between the parties was materially altered after the HO's decision determined that the child had been denied FAPE and entered an enforceable order requiring that the deficiencies be corrected. *See* R & R at 12. The Court agrees with the thorough analysis provided in the

R & R that the plaintiffs are the prevailing parties.

The Magistrate Judge also recommended that the plaintiffs be reimbursed for the work performed by their counsel at a rate of 75% of counsel's *Laffey*[1] rate. This rate is derived from the 2012 DCPS reimbursement guidelines, despite the fact that these guidelines were rescinded less than a year later, and no replacement guidelines have been adopted. *See* R & R at .14. This Court has opined that the "prevailing rates set for in the *Laffey* Matrix provide *merely* a starting point for determining the reasonableness of a billing rate." *Thomas v District of Columbia,* 908 F.Supp.2d 233, 244 (D.D.C.2012) *appeal dismissed,* 13–7010, 2013 U.S. App. LEXIS 6262 (D.C.Cir. Mar. 14, 2013) (quoting *Jackson v. District of Columbia,* 696 F. Supp. 2d 97, 104 (D.D.C.2010)). They are, however, "a useful and reasonable approximation of the prevailing market rates in the Washington, D.C. area." *Thomas,* 908 F.Supp.2d at 243. As such, and in view of the absence of any objection to the R & R, this Court adopts the Magistrate Judge's calculations of the attorney's fees and costs to which the plaintiffs are entitled to reimbursement, which amounts to $7,487.85 in attorney's fees and $137.28 in costs, for a total amount of $7,625.13. *See* R & R at 16.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation, ECF No. 23, is ADOPTED in full; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the Plaintiffs' Motion for Summary Judgment, ECF No. 10, is GRANTED in part and DENIED in part; and it is further

**ORDERED** that the defendant shall make prompt payment to plaintiffs in the amount of $7,625.13 for reasonable attorneys' fees and costs incurred in the administrative action on behalf of A.H.; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the Defendant's Cross-Motion for Summary Judgment, ECF No. 11, is GRANTED in part and DENIED in part.

**SO ORDERED.**

---

1. *Laffey v. Nw. Airlines, Inc.,* 572 F.Supp. 354 (D.D.C.1983) *aff'd in part, rev'd in part,* 746 F.2d 4 (1984), *cert. denied,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).