Stephen P. AMOS, Appellant

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 12–7119.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 26, 2013.

Adam Augustine Carter, Robert Scott Oswald, Employment Law Group, PLLC, Washington, DC, for Appellant.

Loren L. Alikhan, Carl James Schifferle, Todd Sunhwae Kim, Irvin B. Nathan, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

Before: TATEL, Circuit Judge, and WILLIAMS and RANDOLPH, Senior Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the district court and on the briefs of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.CIR. R. 36(d). For the reasons stated in the accompanying memorandum, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).

### MEMORANDUM

Stephen Amos was the chief of staff for the District of Columbia Department of Transportation, an at-will position, from July 2007, until his employment was terminated in January 2008. Amos believes that he was fired for disclosing alleged corruption and illegal activity at two road construction sites. He therefore filed a suit in the district court,[1] alleging that the District violated the District of Columbia Whistleblower Protection Act, D.C. CODE § 1–615.51 et seq., by terminating his employment. The Act allows a District employee to bring a "civil action" against the District, id. § 1–615.54(a), if a supervisor takes a "prohibited personnel action" against an employee because the employee makes a "protected disclosure," id. § 1–615.53.

The case was tried to a jury, which found the District not liable. The jury was asked to complete a special verdict form on which the first question was whether "Amos demonstrated by a preponderance of the evidence that he made a protected disclosure(s) to a supervisor or public body[.]" The jury answered this question "No." Having found a necessary element of Amos's claim was not established, the jury followed instructions and "inform[ed] the Court that [it] ha[d] reached a verdict." The jury did not consider the other elements of Amos's claim.

On appeal, Amos challenges the use and language of the special verdict form. These arguments are forfeit because Amos failed to raise them below. See District of Columbia v. Straus, 590 F.3d 898, 903

---

1. The district court had diversity jurisdiction under 28 U.S.C. § 1332, because Amos was a resident of Virginia when he filed the complaint.

(D.C.Cir.2010). Amos claims he did not forfeit these arguments because he objected to the verdict form's causation language. But Amos's substantive legal objection to a particular charge did not give the district court notice that he considered the use of a special verdict form as such to be objectionable. *Cf. U.S. Indus., Inc. v. Blake Constr. Co.*, 671 F.2d 539, 545 (D.C.Cir.1982).

We may still review Amos's arguments for plain error. Fed.R.Civ.P. 51(d)(2); *see Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431, 434 (D.C.Cir.2010). But there was no error, let alone a plain one, with the special verdict form submitted to the jury. The form is only two pages long and consists of six simple, easy-to-read interrogatories. Following each interrogatory, the jury is instructed on how to proceed depending upon its answer. Amos cites no particular confusing language in either the instructions or the verdict form. Contrary to Amos's assertion, the jury instructions did not contain improper "burden shifting language." They simply take the jury sequentially through the elements of a whistleblower claim. *See* D.C.Code § 1–615.54(b). They do not refer to the shifting burdens of production that apply before trial in employment cases. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Amos also forfeited his claim that he made protected disclosures as a matter of law. Although Amos raised this issue before the district court, on appeal he raises it "for the first time in [his] reply brief," which is too late. *Comm'r v. Simmons*, 646 F.3d 6, 11 n. * (D.C.Cir.2011). The district court denied Amos's motion for judgment as a matter of law, and we do not see any error in its reasoning.

We reject the balance of Amos's arguments because, even if the district court erred, its errors were harmless. Amos argues that the district court erred in responding to a question from the jury and in requiring him to prove a direct causal link between his protected disclosures and his termination. Both the response and the instruction address causation, which the jury never considered because of its dispositive finding that Amos made no protected disclosures. Analogous circumstances confronted the court in *Williams v. U.S. Elevator Corp.*, 920 F.2d 1019 (D.C.Cir.1990). In *Williams* the district court incorrectly instructed the jury that a plaintiff could not recover damages for emotional distress unless the distress directly resulted from a physical injury. *Id.* at 1021–22. The jury found, by special verdict form, that the defendant was not negligent or strictly liable. *Id.* at 1023. Because "[t]he erroneous jury charge ... dealt only with the issue of damages" it "could not in any way affect the jury's determination of negligence" and "could not have risen to the level of harmful error." *Id.* at 1024; *see also Elwood v. Pina*, 815 F.2d 173, 177–78 (1st Cir.1987); *Spano v. N.V. Koninklijke Rotterdamsche Lloyd*, 472 F.2d 33, 35 (2d Cir.1973). So it is here.

Amos argues that jury instructions are never harmless if they "create an erroneous impression regarding the standard of liability, ... because [the error] goes directly to the plaintiff's claim." The language Amos quotes, stripped of its context, appears in *LNC Investments, Inc. v. First Fidelity Bank, N.A.*, 173 F.3d 454, 462–63 (2d Cir.1999) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 554–55 (2d Cir.1996)). But in that case, the erroneous jury instruction concerned the same issue on which the jury made a dispositive finding.

*Id.* at 460, 462–63. Here, the jury found that Amos made no protected disclosure, which meant it never needed to apply the allegedly erroneous instructions. In these circumstances *Williams* dictates that any error would be harmless.