# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 15, 2010          Decided June 8, 2010

No. 09-1225

MARK K. TURNER AND STEPHEN J. COONAN,
PETITIONERS

v.

NATIONAL TRANSPORTATION SAFETY BOARD,
RESPONDENT

On Petition for Review of an Order
of the National Transportation Safety Board

*Gregory Sean Winton* argued the cause and filed the briefs for petitioners.

*Kathleen A. Yodice* was on the brief for *amicus curiae* Aircraft Owners and Pilots Association in support of petitioners.

*Benjamin S. Kingsley*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief were *Michael Jay Singer* and *Michael E. Robinson*, Attorneys.

Before: GINSBURG, ROGERS and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*: The Federal Aviation Administration suspended the Airline Transport Pilot Certificates of Mark Turner and of Stephen Coonan, the pilots appealed, and the FAA withdrew its complaints before an Administrative Law Judge could hear their appeal. The ALJ then awarded the pilots attorneys fees and expenses pursuant to the Equal Access to Justice Act (EAJA), codified as amended in relevant part at 5 U.S.C. § 504, concluding each pilot was the "prevailing party" in his case. The FAA appealed to the National Transportation Safety Board, which reversed the award, and the pilots now petition for review of the Board's order. We deny their petition.

## I. Background

The FAA suspended the pilots' certificates because it concluded they had, among other things, operated an aircraft that was "unairworthy," in violation of 14 C.F.R. § 91.7(a). Each pilot appealed his suspension, and both cases were assigned to the same ALJ, who scheduled hearings for June 2008. In April the ALJ granted motions to continue the cases and re-scheduled the hearings for August.

Soon thereafter, however, the FAA withdrew the complaint against each pilot, stating only: "The Administrator hereby withdraws its [sic] complaint in this matter." The ALJ terminated the proceedings against the pilots with an equally terse order that did not specify whether the termination was with or without prejudice.

Invoking the EAJA, the pilots sought to recover their attorneys fees and expenses. Section 504(a)(1) of 5 U.S.C.

codifies the provision of the EAJA, as amended, that addresses fee-shifting in agency adjudications. It provides:

> An agency that conducts an adversary adjudication shall award, to a prevailing party ... fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified.[*]

The pilots argued they were "prevailing parties" because the FAA withdrew its complaints against them and the agency's position "lacked ... substantial justification." The ALJ agreed, holding that "[w]ith the ... total withdrawal of all of the Administrator's charges ... it is clear that the applicants are the prevailing parties here," and that, far from being "substantially justified," the FAA had "proceeded on a weak and tenuous basis with a flawed investigation bereft of any meaningful evidence."

The FAA appealed to the NTSB, arguing the pilots were not prevailing parties and therefore were not entitled to fees under the EAJA. The Board, after acknowledging its "case law concerning prevailing party status under the EAJA may need clarification," determined that the question whether the pilots were the prevailing parties was governed by the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and*

---

[*] Another section of the Act as amended, codified at 28 U.S.C. § 2412(d)(1)(A), similarly provides:

> [A] court shall award to a prevailing party [fees and other expenses] in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified.

*Human Resources*, 532 U.S. 598 (2001), notwithstanding that *Buckhannon* arose from a civil action and not from an agency adjudication. The NTSB understood *Buckhannon* to define a prevailing party as one who either "receive[d] an enforceable judgment on the merits of [his] case" or "obtain[ed] a court-ordered consent decree that resulted in a change in the legal relationship between the parties."

The NTSB held the pilots were not prevailing parties: They did not "prevail on any portion of the merits ... as the Administrator withdrew the charges before the [ALJ] could hold a hearing"; and the ALJ did not "issue an order akin to a court-supervised consent decree" because he "merely accepted the Administrator's withdrawal of the charges." The Board further concluded the ALJ "did not dismiss the case with prejudice or in any way alter the relationship of the parties."[*]

One member of the Board dissented. He maintained *Buckhannon* does not apply to this case because the Court's holding there was limited to rejecting the "catalyst theory," under which a party prevails if it "achieved the desired result because [its] lawsuit brought about a voluntary change in the defendant's conduct," 532 U.S. at 600, whereas the pilots here had not initiated proceedings but rather had successfully defended themselves against the FAA's lawsuit.

---

[*] The NTSB also held the pilots were not entitled to fees because § 504(a)(1) of the EAJA applies only where there was "an adversarial adjudication," but the FAA does not defend that argument in its brief to this court.

## II. Analysis

The pilots' main argument is that they were "prevailing parties" within the meaning of that term in 5 U.S.C. § 504(a)(1). They also contend they were entitled to fees and other expenses under § 504(a)(4).

A. Section 504(a)(1)

We review *de novo* the question of law whether the pilots were prevailing parties for purposes of § 504(a)(1). *See Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 491 (D.C. Cir. 2003). Because the EAJA is a statute of general application, we do not defer to the NTSB's or to any one agency's interpretation of it. *See, e.g.*, *Contractor's Sand & Gravel, Inc. v. Fed. Mine Safety & Health Review Comm'n*, 199 F.3d 1335, 1339 (D.C. Cir. 2000) (court not "bound to defer to the agency's construction" of the EAJA because "[it] is a statute of general application and not one committed to administration by the Commission or the Secretary").

This court has distilled from *Buckhannon* a three-part test for determining whether a party has "prevailed":

> (1) there must be a "court-ordered change in the legal relationship" of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief.

*District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (quoting *Thomas*, 330 F.3d at 492–93) (internal quotation marks removed).[*] We "have applied [the] latter

---

[*] As the Government acknowledges, we have never specifically held *Buckhannon* defines "prevailing party" as it is used in §

two requirements [of that test] to requests by defendants," *see id.*, and we need not consider here whether the first requirement also applies because we think it clear the pilots received nothing akin to judicial relief and therefore were not prevailing parties. We do note that although the NTSB concluded a party prevails only if he receives "an enforceable judgment on the merits of [his] case" or "a court-ordered consent decree that resulted in a change in the legal relationship between the parties," under the test laid out in *Straus* a party need receive only some form of judicial relief, not necessarily a court-ordered consent decree or a judgment on the merits. *See Carbonell v. INS*, 429 F.3d 894, 899 (9th Cir. 2005) (collecting cases from the "vast majority" of circuits holding prevailing party status not so limited); *see also, e.g.*, *District of Columbia v. Jeppsen*, 514 F.3d 1287, 1290 (D.C. Cir. 2008) (acknowledging possibility that "ruling on a jurisdictional ground" may create prevailing party despite absence of a judgment on merits); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 945 (D.C. Cir. 2005) (grant of preliminary injunction may create prevailing party "under certain circumstances"); *Carbonell*, 429 F.3d at 895–96 (plaintiff who "obtained a court order incorporating a voluntary stipulation" staying plaintiff's deportation was prevailing party). There is no need to remand this case for the

---

504(a)(1), which governs fee-shifting in an agency adjudication; our cases broadly stating the "understanding of 'prevailing party' [in *Buckhannon*] applies to EAJA's use of the term," *e.g.*, *Consol. Edison Co. v. Bodman*, 445 F.3d 438, 447 (2006), have all involved 28 U.S.C. § 2412(d)(1)(A), which concerns fee-shifting in a civil action. Because the pilots themselves acknowledge no distinction between agency and court cases, we proceed upon that premise and do not determine whether the understanding of "prevailing party" in *Buckhannon* necessarily or always applies to that phrase in § 504(a)(1).

NTSB to apply that test, however, because we conclude the pilots are not prevailing parties as a matter of law.

The pilots contend they prevailed because the ALJ dismissed their cases with prejudice and thereby changed the legal relationship between the parties. The FAA maintains the ALJ dismissed the cases without prejudice, and a "dismissal without prejudice ... cannot be a 'court ordered change in the legal relationship of the parties'" in this case because the pilots "were left in exactly the same legal position they would have been in had there been no proceedings in the first place."

First, we conclude that, although his order is silent on the subject, the ALJ dismissed the complaints without prejudice. That is consistent with the rule in civil proceedings; when a court dismisses a complaint at the request of the plaintiff, the dismissal is presumed to be without prejudice. *See* Fed. R. Civ. P. 41(a)(2). It is also consistent with the Board's treatment of the similarly silent order in *Administrator v. Tanner*, 4 N.T.S.B. 1354 (1984).

The pilots nonetheless contend the order should be considered a dismissal with prejudice because it came after the statute of limitations had run on the charges brought by the FAA; as a practical matter, they say, the dismissal protects the pilots from the FAA ever reviving the charges. We need not evaluate this argument on its merits because the pilots have not identified a statute of limitations with that effect. They point only to 49 C.F.R. § 821.33(a), but that regulation merely authorizes an ALJ, upon motion, to dismiss a complaint the FAA files more than six months after the alleged events occurred if and only if the FAA fails to show either that "good cause existed for the delay" or that "the imposition of a sanction is warranted in the public interest."

A provision that requires an additional showing in order to file a complaint after a certain time is not a statute of limitations and does not change the legal relationship between the parties in any meaningful way.[*]

Because the ALJ dismissed the cases without prejudice, there was nothing in this case analogous to judicial relief. *See Straus*, 590 F.3d at 901. Once the FAA withdrew its complaints, the pilots were no longer the subject of proceedings to suspend their licenses. For all practical purposes, the FAA had unilaterally ended the adversarial relationship between the parties, leaving them where they were before the complaint was filed. The order of the ALJ dismissing the cases was just an administrative housekeeping measure, not a form of relief, because the FAA did not need the ALJ's permission to withdraw a complaint. *See* 49 C.F.R. § 821.12(b) ("Except in the case of ... a complaint ... pleadings may be withdrawn only upon approval of the [ALJ] or the [NTSB]"). Had the ALJ done nothing, the pilots would have been in essentially the same position as they were after the ALJ dismissed this case. These circumstances do not make them prevailing parties according to the criteria of *Buckhannon* as interpreted in *Straus*.

The pilots also argue the NTSB violated its own rules and arbitrarily interpreted its own precedent in concluding they were not prevailing parties under *Buckhannon*. We need not address that argument because our holding the pilots were not prevailing parties as a matter of law renders harmless any such alleged error. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786,

---

[*] We also doubt whether § 821.33(a) creates a demanding requirement for the FAA; a court would likely defer to the agency's interpretation of its own regulation that it is in the public interest to sanction a pilot for conduct that makes flying less safe.

799 (D.C. Cir. 2004) (if "agency's mistake ... did not prejudice" petitioner then it "would be senseless to vacate and remand for reconsideration").[*]

B. Section 504(a)(4)

In the alternative the pilots argue they are entitled to fees and other expenses under § 504(a)(4). That subsection provides:

> If ... the demand by the agency is substantially in excess of the decision of the adjudicative officer and is unreasonable when compared with such decision ... [then] the adjudicative officer shall award to the party [its] fees and other expenses.

They contend the FAA's demand that they be suspended was "substantially in excess" of the ALJ's decision dismissing the case. The FAA responds that § 504(a)(4) does not apply here because that provision addresses only situations in which the Government prevails but "obtains a judgment that is less than it [had] sought."

We agree that § 504(a)(4) applies only when the Government has prevailed. As the Seventh Circuit has pointed out, the interpretation of § 504(a)(4) the pilots are advancing here would

> undercut the "substantially justified" standard of [§ 504(a)(1)] by giving litigants a second bite at the same apple under a different (but seemingly not a more demanding) standard. The sensible interpretation ...

---

[*] The pilots' other arguments do not merit treatment in a published opinion.

confines [§ 504(a)(4)] to the case in which the government prevails but the relief it obtains is meager in comparison to the relief it had sought.

*See Park Manor, Ltd. v. Dep't of Health and Human Servs.*, 495 F.3d 433, 437 (2007). In short, the pilots may not recover under § 504(a)(4) in this case because the FAA did not prevail.

## III. Conclusion

Because the pilots are not prevailing parties for purposes of § 504(a)(1), they are not entitled to recover their attorneys fees and expenses under that section. Because the FAA did not prevail, the pilots are not entitled to attorneys fees and expenses under § 504(a)(4). Accordingly, their joint petition for review of the NTSB order is

*Denied.*