# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 12, 2012          Decided April 17, 2012

No. 11-1260

GREEN AVIATION MANAGEMENT CO., LLC,
PETITIONER

v.

FEDERAL AVIATION ADMINISTRATION,
RESPONDENT

On Petition for Review of an Order of
the Federal Aviation Administration

*Gregory Sean Winton* argued the cause and filed the briefs for petitioner.

*Benjamin S. Kingsley*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief were *Tony West*, Assistant Attorney General, and *Michael Jay Singer*, Attorney.

Before: HENDERSON, ROGERS and TATEL, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*. This is an appeal from the denial of attorneys fees under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504(a)(1). After commencing an administrative civil

penalties proceeding, the Federal Aviation Administration ("FAA") withdrew its complaint and the Administrative Law Judge ("ALJ") before whom the complaint had been pending dismissed the proceedings with prejudice. Nonetheless, the FAA Administrator ruled that the subject of the complaint was not a "prevailing party" as that term has been interpreted in *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Because the dismissal with prejudice has *res judicata* effect and ended the proceedings, we grant the petition and remand the case to the Administrator to determine whether the filing of the complaint was substantially justified, and if not, to award fees.

## I.

On February 6, 2007, the FAA filed a complaint against Green Aviation Management Co., LLC, alleging that on a chartered flight from New Jersey to the Bahamas on December 30, 2005, returning January 2, 2006, its plane carried ten, rather than the approved nine, passengers. The tenth passenger was the daughter of the pilot, and the FAA alleged that she was either an unapproved tenth passenger or an untrained flight attendant and sought a civil penalty of $33,000 for violations of three FAA safety regulations. Green Aviation responded that the daughter was a non-required crew member, and as an employee of Green Aviation, she was permitted by FAA regulations to occupy the jump seat on the plane. On June 1, 2007, Green Aviation moved to dismiss, arguing that the daughter was an employee who only served food and drink during the flight, and noting that the FAA had already withdrawn its complaint in the certificate action against the pilots based on the same set of facts. The FAA opposed summary judgment because the daughter's employment status was in doubt and there was no proof she was not simply coming along on vacation. On June 19, 2007, Green Aviation moved for dismissal of the complaint with prejudice on the

ground, incorrectly, that the FAA failed to respond to the motion to dismiss. The ALJ denied the motions for summary disposition on June 28, 2007, finding that material disputed questions of fact remained regarding the daughter's employment status.

Green Aviation sought reconsideration on August 3, 2007, submitting an affidavit from its customer service representative stating that the daughter functioned as a crew member on the subject flights, assigned only to serve food and drinks. The FAA responded with a newer affidavit from the customer service representative stating that her previous affidavit was incomplete and the daughter was expected to be trained to perform safety duties. The ALJ denied the motion for reconsideration and scheduled a hearing for October 16, 2007.

On September 18, 2007, Green Aviation moved to exclude the customer service representative's testimony at the hearing, attaching an email between her and one of the flight captains in which she disclaimed knowledge of the daughter's role on the flight. The FAA, on October 1, 2007, withdrew its complaint. In view of the withdrawal, Green Aviation moved the following day for dismissal of the proceedings with prejudice. Pursuant to 14 C.F.R. § 13.215 (2012), the ALJ dismissed the proceedings with prejudice on October 2, 2007.

Green Aviation filed an application for attorneys fees and other expenses pursuant to the EAJA on October 19, 2007. The ALJ found that Green Aviation was the "prevailing party" under the EAJA, which was uncontested, but denied the request for fees, finding that the FAA was substantially justified in bringing the complaint given the unclear nature of the daughter's role, training, and employment status. Upon appeal, the FAA Administrator found that Green Aviation was not the "prevailing party," under the interpretation of that phrase in *Buckhannon*. The Administrator reasoned that because the ALJ was required

by regulation to dismiss the proceedings with prejudice once the FAA withdrew its complaint, and because the regulation did not require the ALJ's consent for the FAA to do so, there was no exercise of judicial discretion or any judicial imprimatur to the dismissal order.  The Administrator thus sustained the denial of fees.

## II.

Green Aviation petitions for review, contending that *Buckhannon*'s interpretation of "prevailing party" does not necessarily apply to that phrase in EAJA claims under 5 U.S.C. § 504(a)(1) and that the Administrator's analysis is contrary to precedent, inasmuch as Green Aviation obtained a court-ordered change in the legal relationship of the parties and the necessary judicial relief.  We review *de novo* whether Green Aviation was a "prevailing party" under 5 U.S.C. § 504(a)(1), *see Turner v. Nat'l Transp. Safety Bd.*, 608 F.3d 12, 14 (D.C. Cir. 2010), and because the EAJA is a statute of general application, we do not defer to any one agency's interpretation, *id.*

## A.

The EAJA provides that "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party . . . , unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust."  5 U.S.C. § 504(a)(1).  The Supreme Court interpreted the phrase "prevailing party" in a different fee-shifting statute in *Buckhannon*, holding that it was insufficient that a plaintiff's lawsuit may have led to "a nonjudicial alteration of actual circumstances," 532 U.S. at 606 (internal quotation marks and citation omitted), and instead requiring that a party demonstrate "the necessary judicial imprimatur" such that a "judicial

pronouncement" is accompanied by "judicial relief," *id.* at 605–06 (internal quotation marks, citations, and emphasis omitted). The Court noted that it has "interpreted [] fee-shifting provisions consistently." *Id.* at 603 n.4. This court, accordingly, concluded that the phrase "prevailing party" in such statutes "should be treated the same . . . unless there is some good reason for doing otherwise," *Oil, Chem., & Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy*, 288 F.3d 452, 455 (D.C. Cir. 2002), and has joined other circuits in acknowledging that the burden of establishing "good reason[]" not to apply *Buckhannon* is "not easily met," *Alegria v. Dist. of Columbia*, 391 F.3d 262, 264 & n.1 (D.C. Cir. 2004) (internal quotation marks and citation omitted).

The court has not expressly decided that the *Buckhannon* interpretation of "prevailing party" applies to the EAJA's administrative adjudication provision, *see Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 493 n.2 (D.C. Cir. 2003); *Turner*, 608 F.3d at 15 n.3, although it has applied *Buckhannon* to the EAJA's civil litigation provision, 28 U.S.C. § 2412(d)(1)(A), *see Thomas*, 330 F.3d at 492–93. In *Turner*, the court applied *Buckhannon*'s definition of "prevailing party" to EAJA's administrative provision without "determin[ing] whether . . . *Buckhannon* necessarily or always applies to that phrase in § 504(a)(1)," 608 F.3d at 15 n.3, because the party seeking fees saw no distinction between agency and court cases. Although Green Aviation contends there is a distinction, its effort to establish it as a "good reason" not to apply *Buckhannon* fails.

Green Aviation contends that *Buckhannon* should not control the meaning of "prevailing party" in section 504(a)(1) civil penalty proceedings on the basis of several policy reasons, including the potential creation of a perverse incentive for the FAA to file unfounded complaints that it could later withdraw after the defendant has incurred monetary and other costs. As

Green Aviation points out, unlike FED. R. CIV. P. 41, which grants a judge discretion to dismiss with or without prejudice after approving a voluntary withdrawal of a complaint, the FAA regulation mandates dismissal with prejudice, *see* 14 C.F.R. § 13.215 (2012). As a result, if the FAA is correct that *Buckhannon*'s interpretation of "prevailing party" turns on the judge's discretion, then application of *Buckhannon* in this context would permit the FAA to avoid fees, regardless of whether the complaint was frivolous or otherwise not substantially justified, by withdrawing its complaint prior to or during a hearing. This circumstance, however problematic, is insufficient to prevent application of *Buckhannon* to the administrative provision of the EAJA, 5 U.S.C. § 504(a)(1). First, the court has applied *Buckhannon* to attorneys fee applications in another administrative setting, *see Alegria*, 391 F.3d at 264. Second, most significantly, in *Buckhannon*, the Supreme Court rejected the relevance of such policy arguments as Green Aviation presents given its view of the "clear meaning" of the phrase "prevailing party." 532 U.S. at 610. Green Aviation's policy reasons thus do not establish a good reason not to apply *Buckhannon*'s interpretation of "prevailing party" to the EAJA's administrative provision. Consequently, this appeal turns on whether the ALJ's dismissal with prejudice satisfies *Buckhannon*'s requirements.

**B.**

Upon the FAA's withdrawal of its complaint against Green Aviation, the ALJ was required to dismiss the proceedings with prejudice. FAA regulations provide:

> At any time before or during a hearing, an agency attorney may withdraw a complaint . . . without the consent of the administrative law judge. If an agency attorney withdraws the complaint . . . , the administrative law judge shall dismiss the proceedings

under this subpart with prejudice.

14 C.F.R. § 13.215 (2012). The FAA found that Green Aviation was not a "prevailing party" because the regulation did not provide any discretion to the ALJ in whether to dismiss the complaint with or without prejudice, and thus the dismissal order lacked the "judicial imprimatur" required by *Buckhannon*, 532 U.S. at 605.

In applying *Buckhannon*, the court considers a three-part test for determining whether one is a "prevailing party":

> (1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief.

*Turner*, 608 F.3d at 15 (quoting *Straus*, 590 F.3d at 901 (internal quotation marks and citation omitted)). Where a *defendant* is seeking fees, as here, the court has applied only the latter two prongs. *See Dist. of Columbia v. Ijeabuonwu*, 642 F.3d 1191, 1194 (D.C. Cir. 2011); *Turner*, 608 F.3d at 15; *Straus*, 590 F.3d at 901.[1] Because the ALJ's order dismissed the proceedings, the

---

[1] The FAA contends that the first prong should also apply to a defendant. In *Turner*, the court noted that it need not decide whether a defendant must also establish the first prong, because in that case, the defendants did not meet the third. 608 F.3d at 12. Here, the FAA does not contest that there has been a change in the legal relationship of the parties; it concedes that *res judicata* effect applies to the dismissal order. *See* FAA Decision & Order, at 14 (June 13, 2011). Instead, it contends that the change was not "court-ordered" because the ALJ lacked discretion under FAA regulations once the complaint was withdrawn. *See* Resp.'s Br. at 20–21. Because the court rejects FAA's same substantive argument in determining whether there has

second prong is easily satisfied. And there was a clear "judicial pronouncement"; the ALJ signed a dismissal order. The remaining question is whether the order granted judicial relief.

In recognizing that a defendant who obtains a favorable decision gains "prevailing party" status if "the judicial pronouncement [is] accompanied by judicial relief," *Turner*, 608 F.3d at 15 (quoting *Straus*, 590 F.3d at 901), the court explained that "a party need receive only some form of judicial relief," *id.*, and that "*res judicata* effect would certainly qualify as judicial relief where, for example, it protected the prevailing [party] from having to pay damages or alter its conduct," *Straus*, 590 F.3d at 902. Nonetheless, the FAA, in concluding Green Aviation was not a prevailing party, found *Turner* "instructive" because the FAA did not need the ALJ's permission to withdraw its complaint under applicable procedural rules. FAA Dec. & Order, at 15 (Jun. 13, 2011). This reliance was misplaced.

In *Turner*, the court was considering a certificate action against two pilots before the National Transportation Safety Board ("NTSB"). 608 F.3d at 13. Prior to the scheduled hearing, the FAA withdrew its complaints and the ALJ issued an order terminating the proceedings without stating whether the dismissal was with or without prejudice. The court held that the pilots were not "prevailing parties" upon applying the presumption that when a complaint is dismissed at the request of the plaintiff, it is without prejudice — a presumption the NTSB

been a "judicial pronouncement . . . . accompanied by judicial relief," (i.e., the third prong), there is no occasion to decide whether a defendant is required to satisfy the first prong of the test. Simply said, it does not matter whether the first prong applies because the ALJ's dismissal with prejudice is itself a "court ordered change in the legal relationship of the parties."

itself had previously applied to a dismissal that was silent on the question. *See id.* at 15–16.

> Because the ALJ dismissed the cases without prejudice, there was nothing in th[e] case analogous to judicial relief. . . . [T]he FAA had unilaterally ended the adversarial relationship between the parties, leaving them where they were before the complaint was filed. The order of the ALJ dismissing the cases was just an administrative housekeeping measure, not a form of relief, because the FAA did not need the ALJ's permission to withdraw a complaint.

*Id*. at 16 (internal citations omitted). Here, by contrast, Green Aviation and the FAA are not "where they were before the complaint was filed." *Id.* Instead Green Aviation is "protected . . . from having to pay damages," *Straus*, 590 F.3d at 902, arising from events underlying the February 6, 2007 complaint. Although the two-year statute of limitations had not lapsed at the time the complaint was withdrawn, *see* 14 C.F.R. 13.208(d), the FAA could not re-file a complaint based on the same set of facts because the dismissal with prejudice has *res judicata* effect. *See Straus*, 590 F.3d at 902.

Further, unlike in *Thomas*, where the grant of a preliminary injunction and partial summary judgment were "not the end but the means of the litigation," 330 F.3d at 494 (internal quotation marks and citation omitted), the dismissal with prejudice brought a final end to the February 6, 2007 proceedings. Even though the ALJ's permission was not needed for the complaint to be withdrawn, the resulting dismissal was a clear form of judicial relief, not simply a "housekeeping measure," *Turner*, 608 F.3d at 16. Similarly, the dismissal order was not "merely a formality," as in *Oil, Chemical, & Atomic Workers*, where the dismissal order was unnecessary, 288 F.3d at 457 (citing FED. R.

CIV. P. 41(a)(1)).  The FAA regulation, 14 C.F.R. § 13.215, makes clear that the dismissal order is necessary; if it were not, there would be no purpose to providing the defendant an interlocutory appeal by right to obtain one, *see id.* § 13.219(c)(2).  Because a silent dismissal order is presumed to be without prejudice, *see Turner*, 608 F.3d 15–16, an *explicit* dismissal with prejudice, even if mandated by regulation, must be accorded substantively meaningful rather than insignificant effect, *cf. Corley v. United States*, 129 S. Ct. 1558, 1566 (2009).  The dismissal order is thus not a mere formality or a housekeeping measure; rather it is the means by which Green Aviation can obtain *res judicata* protection.

The FAA's focus on the ALJ's lack of discretion mistakes the clear import of *Buckhannon*, which is about whether the party seeking fees has "obtain[ed] any judicial relief."  532 U.S. at 606.  In the context of an administrative proceeding, *Buckhannon*'s interpretation of "prevailing party" does not turn on whether a federal agency decides to require, by regulation, that dismissals be with prejudice once a complaint has been withdrawn.  The EAJA already protects the government from paying fees where it, despite not prevailing, was "substantially justified" in filing the complaint or where "special circumstances" are present that disfavor a fee award.  *See* 5 U.S.C. § 504(a)(1); *LePage's 2000, Inc. v. Postal Regulatory Comm'n*, No.10-1031, slip op. at 6–7 (D.C. Cir. Apr. 7, 2012).  Green Aviation obtained judicial relief by the dismissal order; nothing in *Buckhannon* or this court's precedent requires more.  This conclusion comports with the purpose of the EAJA, which is to prevent defendants from "be[ing] deterred from seeking review of or defending against unreasonable governmental action because of the expense involved."  H.R. CONF. REP. NO. 96-1434, at 21 (1980), *reprinted in* 1980 U.S.C.C.A.N. 5003, 5010 (1980).

Because the October 16, 2007 dismissal order has *res judicata* effect and brought the February 6, 2007 proceedings against Green Aviation to an end, Green Aviation obtained sufficient judicial relief to be a prevailing party. Accordingly, we grant the petition and remand the case to the FAA Administrator to determine whether the filing of the February 6, 2007 complaint against Green Aviation was substantially justified, and if not, to determine the amount of fees to which it is entitled.