# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 1, 2015          Decided July 17, 2015

No. 14-5089

INITIATIVE AND REFERENDUM INSTITUTE, ET AL.,
APPELLANTS

v.

UNITED STATES POSTAL SERVICE,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:00-cv-01246)

*Arthur B. Spitzer* argued the cause for appellants. With him on the briefs was *David F. Klein*.

*Marina Utgoff Braswell*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney at the time the brief was filed, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: BROWN, KAVANAUGH, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  In 1998, the U.S. Postal Service promulgated a regulation that, among other things, barred the collection of signatures on petitions at post office sidewalks that run alongside public streets.  Those post office sidewalks are known as perimeter sidewalks, and are indistinguishable from adjacent public sidewalks.  Several nonprofit organizations that collect signatures in order to place initiatives or referenda on state ballots challenged the regulation on First Amendment grounds.  In 2005, this Court held unconstitutional the regulation's ban on signature collection on perimeter sidewalks.  Shortly thereafter, the Postal Service amended its regulation to correct the constitutional defect identified in this Court's decision.

The plaintiff nonprofit organizations subsequently applied for attorney's fees under the Equal Access to Justice Act.  That Act authorizes fees for parties that prevail in litigation against the United States, unless the Government's position was substantially justified.  The District Court denied the fee application on the ground that the plaintiffs were not prevailing parties under the Act.  This appeal followed.  Although the question is close, we conclude that plaintiffs were prevailing parties.  Therefore, we reverse the judgment of the District Court and remand the case for further proceedings.

I

A 1998 U.S. Postal Service regulation barred, among other things, the collection of signatures on petitions at post office perimeter sidewalks.  *See* 39 C.F.R. § 232.1(a), (h)(1) (1998).  The regulation was "posted at a conspicuous place" on all Postal Service property.  *Id.* § 232.1(a).  Violations were punishable by fine, imprisonment, or both.  *Id.* § 232.1(p).

The plaintiffs here are several nonprofit organizations. They draft petitions to place initiatives and referenda on state election ballots. To get an initiative or referendum on the ballot, it is generally necessary to obtain a certain number of signatures. To help collect the necessary signatures, members of the nonprofit organizations stand on the perimeter sidewalks of post offices.

In 2000, plaintiffs sued to challenge the Postal Service's ban on collecting signatures on perimeter sidewalks. Both sides eventually moved for summary judgment. At a hearing on those motions in 2002, the Postal Service announced a change in policy. The Postal Service stated that it would not enforce the prohibition against collecting signatures on petitions at post office perimeter sidewalks.

In deciding the summary judgment motions, the District Court "relied on defendant's changed position" and granted summary judgment to the Postal Service. *Initiative & Referendum Institute v. U.S. Postal Service*, No. 00-1246, at 1 (D.D.C. Dec. 31, 2003). In addition, the court ordered the Postal Service to issue a bulletin notifying postmasters of its new policy permitting the collection of signatures on petitions at perimeter sidewalks. The Postal Service complied with that order.

Plaintiffs appealed, and in 2005 we reversed the District Court's judgment. *See Initiative & Referendum Institute v. U.S. Postal Service*, 417 F.3d 1299, 1318 (D.C. Cir. 2005). We stated that Section 232.1(h)(1)'s ban on signature collection on those sidewalks was unconstitutional. Although the Postal Service had directed postmasters not to enforce the regulation on perimeter sidewalks, we concluded that the regulation was not reasonably susceptible to an interpretation

that excluded perimeter sidewalks from its scope. By its own terms, the regulation applied to "all real property under the charge and control of the Postal Service." 39 C.F.R. § 232.1(a). Moreover, the regulation as written – not the Postal Service's non-enforcement policy – was posted in post offices. We reasoned that the Postal Service's policy of not enforcing the regulation on perimeter sidewalks could not "alone temper the regulation's chill of First Amendment rights." *Initiative & Referendum Institute*, 417 F.3d at 1318. We recognized, however, that the Postal Service could cure the constitutional defect by amending the regulation to permit the collection of signatures on petitions at perimeter sidewalks. We remanded for further proceedings consistent with our opinion.

After this Court issued its 2005 decision, the Postal Service amended its regulation to allow the collection of signatures on petitions at perimeter sidewalks. *See* 39 C.F.R. § 232.1(a)(ii) (2006). In a later challenge, the District Court and this Court upheld the amended regulation. *See Initiative & Referendum Institute v. U.S. Postal Service*, 685 F.3d 1066, 1074 (D.C. Cir. 2012).

Plaintiffs then applied for attorney's fees under the Equal Access to Justice Act. They sought fees incurred before this Court's 2005 decision. The Act authorizes fee awards to parties that prevail in litigation against the United States, unless the Government's position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). The magistrate judge recommended denying the fee application on the ground that plaintiffs were not prevailing parties under the Act. The District Court agreed. The District Court concluded that plaintiffs "did not gain any court-ordered relief from the D.C. Circuit's 2005 decision" because that decision "did not compel the Postal Service to amend the 1998 Regulation."

*Initiative & Referendum Institute v. U.S. Postal Service*, No. 00-CV-1246, at 14 (D.D.C. Feb. 24, 2014). Rather, the Postal Service's subsequent amendment to the regulation constituted "a voluntary change." *Id.* at 15. Plaintiffs have appealed that ruling. We review the District Court's decision de novo. *Thomas v. National Science Foundation*, 330 F.3d 486, 491 (D.C. Cir. 2003).

## II

The Equal Access to Justice Act provides that "a court shall award to a prevailing party other than the United States fees and other expenses" incurred in a civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

In determining whether a fee applicant is a "prevailing party," this Court applies the following three-part test: "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Turner v. National Transportation Safety Board*, 608 F.3d 12, 15 (D.C. Cir. 2010) (internal quotation marks omitted); *see also Thomas v. National Science Foundation*, 330 F.3d 486, 492-93 (D.C. Cir. 2003) (applying three-part test to analysis of "prevailing party" under 28 U.S.C. § 2412(d)(1)(A)).

The primary question here is whether our 2005 decision effectuated a court-ordered change in the legal relationship of the parties. The answer is yes.

The Supreme Court has explained that "prevailing party" status requires a "court-ordered change in the legal relationship" between the parties. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603-04 (2001) (internal quotation marks omitted); *cf. also Thomas*, 330 F.3d at 492 n.1 ("*Buckhannon* applies to the definition of 'prevailing party'" under the Equal Access to Justice Act.). That court-ordered change may be brought about by, for example, an enforceable judgment on the merits. *Buckhannon*, 532 U.S. at 604. A "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Importantly, a party may achieve "prevailing party" status when the "terms of a remand [are] such that a substantive victory will obviously follow." *Waterman Steamship Corp. v. Maritime Subsidy Board*, 901 F.2d 1119, 1123 (D.C. Cir. 1990); *see also National Rifle Association of America, Inc. v. City of Chicago*, 646 F.3d 992, 994 (7th Cir. 2011) (awarding fees where, after appellate decision, "litigation was over except for the entry of an injunction by the district court").

Plaintiffs here argue that they obtained a favorable, court-ordered change – namely, this Court's 2005 decision holding the Postal Service's regulation unconstitutional with respect to collecting signatures on petitions at perimeter sidewalks. We agree.

To be sure, by the time of our 2005 decision, the Postal Service had already directed postmasters not to enforce the regulation's prohibition against collecting signatures on petitions at perimeter sidewalks. But the Postal Service's non-enforcement policy alone was not good enough, we said

in that decision. We held that the challenged regulation still caused an impermissible "chill" on plaintiffs' First Amendment rights, notwithstanding the Postal Service's non-enforcement policy. *Initiative & Referendum Institute v. U.S. Postal Service*, 417 F.3d 1299, 1318 (D.C. Cir. 2005). The non-enforcement policy, we explained, "is not published in the Federal Register, is not contained in the Code of Federal Regulations, and is not posted for public examination in post offices." *Id.* at 1317-18. And even if the non-enforcement policy were posted for public examination, citizens "could not confidently rely on it," especially given its "facial inconsistency" with the regulation's text. *Id.* at 1318. In short, we ruled that plaintiffs were entitled to relief from the regulation regardless of how the Postal Service enforced (or did not enforce) its regulation in practice.

The Postal Service argues that our 2005 decision nonetheless resulted in no court-ordered change in the legal relationship of the parties because this Court did not expressly require the Postal Service to amend its regulation. That argument ignores the reality of what we did.

One of two outcomes was necessary and inevitable as a result of our 2005 decision: Either the Postal Service would amend its regulation, or the District Court would order it to do so. Either outcome would exclude perimeter sidewalks from the regulation's ban on collecting signatures on petitions. As we have said before, a party may achieve "prevailing party" status when the "terms of a remand [are] such that a substantive victory will obviously follow." *Waterman*, 901 F.2d at 1123. That describes this case.

In short, as a result of our 2005 decision, plaintiffs obtained a favorable, court-ordered change in their legal relationship with the Postal Service.

Plaintiffs easily satisfy the remaining two prongs of the "prevailing party" test: They achieved a judgment "in favor of the party seeking the fees" and a judicial pronouncement "accompanied by judicial relief." *Turner*, 608 F.3d at 15 (internal quotation marks omitted). Our 2005 decision was "in favor" of plaintiffs – "the party seeking the fees." *Id*. And because we remanded for further proceedings consistent with our opinion, our "judicial pronouncement" was "accompanied by judicial relief." *Id.*

\* \* \*

The plaintiff nonprofit organizations are prevailing parties under 28 U.S.C. § 2412(d)(1)(A). That said, plaintiffs are not entitled to attorney's fees if the Postal Service's position was substantially justified. We leave it to the District Court to determine in the first instance whether the Postal Service's position was substantially justified. We reverse the judgment of the District Court and remand for further proceedings consistent with this opinion.

*So ordered*.