# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Submitted October 16, 2015          Decided April 19, 2016

No. 14-1260

CACTUS CANYON QUARRIES, INC.,
PETITIONER

v.

FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION
AND SECRETARY OF LABOR,
RESPONDENTS

———

On Petition for Review of an Order of the
Federal Mine Safety and Health Review Commission

———

*Andy Carson* was on the brief for petitioner.

*Philip Mayor*, Attorney, and *W. Christian Schumann*, Counsel, U.S. Department of Labor, were on the brief for respondents. *John T. Sullivan*, Attorney, Mine Safety and Health Review Commission, entered an appearance.

Before: KAVANAUGH and WILKINS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*: Petitioner Cactus Canyon Quarries, Inc. ("Cactus Canyon") operates a surface non-coal mine that is required to comply with safety and health standards promulgated by the Secretary of Labor under the Federal Mine Safety and Health Act of 1977 (the "Mine Act"), 30 U.S.C. § 801 *et seq.* In May 2013, a mine inspector for the Mine Safety and Health Administration ("MSHA") issued seven citations to Cactus Canyon for violations of those standards. Cactus Canyon then sought to contest the citations before the Federal Mine Safety and Health Review Commission ("Commission"). After the case was assigned to an Administrative Law Judge ("ALJ"), but before any hearings were held, the Secretary decided to vacate the citations and moved to have the ALJ dismiss the proceedings. Over the objection of Cactus Canyon, the ALJ dismissed the case without indicating whether the dismissal was with or without prejudice. Following dismissal, Cactus Canyon filed an application for the award of attorney's fees under the Equal Access to Justice Act ("EAJA"), which was opposed by the Secretary. The ALJ denied the application for fees, concluding that Cactus Canyon was not a "prevailing party." The Commission declined to review the ALJ's decision. Cactus Canyon now seeks review of the denial of attorney fees.

The EAJA provides for the award of attorney's fees in an agency adjudication "to a prevailing party other than the United States . . . unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust." 5 U.S.C. § 504(a)(1). The Secretary opposes the petition for review principally on the ground that Cactus Canyon was not a "prevailing party" within the meaning of the EAJA. In advancing this position, the Secretary (as did the ALJ) cites the Supreme Court's interpretation of "prevailing party" in

*Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). Cactus Canyon contends that the ALJ should not have applied *Buckhannon*'s interpretation of "prevailing party" to Cactus Canyon's fee application. Cactus Canyon further contends, however, that it should be awarded fees even if *Buckhannon* controls the disposition of its fee application.

We have made it clear that *Buckhannon*'s interpretation of "prevailing party" controls in the application of fee-shifting statutes, including the EAJA, unless there is some "good reason" for doing otherwise. *See Green Aviation Mgmt. Co. v. FAA*, 676 F.3d 200, 202-03 (D.C. Cir. 2012). Cactus Canyon has offered no "good reason" to justify a different approach in this case. Therefore, following this court's precedent in *Turner v. National Transportation Safety Board*, 608 F.3d 12 (D.C. Cir. 2010), we are constrained to hold that, because it is not a "prevailing party," Cactus Canyon is not eligible for fees. Accordingly, the petition for review is denied.

## I.  BACKGROUND

Under the Mine Act, every surface coal or other mine, such as the one operated by Cactus Canyon, must be inspected at least twice a year to ensure compliance with the Secretary's mandatory safety and health standards. 30 U.S.C. § 813(a). On May 20, 2013, MSHA Inspector Michael Sonney conducted an inspection of Cactus Canyon's mine and issued Cactus Canyon seven citations under section 104(a) of the Mine Act, 30 U.S.C. § 814(a), for violations of the Secretary's standards. The MSHA proposed a $100 penalty for each violation. Exercising its right under the Mine Act, Cactus Canyon sought to challenge the seven citations and accompanying penalties before the Commission.

Shortly after the case was assigned to an ALJ, counsel for the Secretary learned that Inspector Sonney was no longer employed by the MSHA and was thus unavailable to testify at a hearing. The Secretary pursued the possibility of a settlement with Cactus Canyon, but settlement negotiations failed. Because Inspector Sonney remained unavailable to testify, the Secretary elected to vacate the citations rather than litigate the matter before the ALJ.

The Secretary then filed a motion requesting that the ALJ dismiss the proceedings. Cactus Canyon opposed the Secretary's motion by filing a "motion for judgment," asking the ALJ to render a judgment in Cactus Canyon's favor. Cactus Canyon requested, in the alternative, that the ALJ dismiss the case with prejudice to the Secretary. On June 16, 2014, the ALJ denied Cactus Canyon's motion for judgment and entered an order of dismissal. The ALJ's order was silent regarding whether the dismissal was with prejudice.

After dismissal of the underlying proceedings, Cactus Canyon filed an application for the award of attorney's fees under the EAJA, 5 U.S.C. § 504(a)(1). In its application for fees, Cactus Canyon sought reimbursement for $11,250, which represented 45 hours of legal work at the "enhanced" rate of $250 per hour. The ALJ, citing the Supreme Court's decision in *Buckhannon*, denied the application for fees because Cactus Canyon was not a "prevailing party" under the EAJA. The ALJ's judgment rested on two principal findings: first, the dismissal of the underlying proceedings did not involve any judicial consideration of the case; and, second, the dismissal did not provide Cactus Canyon with any court-ordered relief. Cactus Canyon petitioned the Commission for discretionary review, *see* 30 U.S.C. § 823(d)(2)(A)(i), which was denied.

## II. ANALYSIS

We review *de novo* whether Cactus Canyon was a "prevailing party" under 5 U.S.C. § 504(a)(1). No deference is due to any agency's interpretation of the EAJA because it is a statute of general application. *Green Aviation*, 676 F.3d at 202.

### A. The Court's Decision in *Buckhannon*

In *Buckhannon*, the Supreme Court defined the term "prevailing party" in fee-shifting statutes, as follows:

> Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party." The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not. . . .

> . . . .

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed. 1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>. — Also termed *successful party*." This view that a "prevailing party" is one who has been awarded some relief by the court can be distilled from our prior cases. . . .

. . . .

... These decisions, taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees.

We think, however, the "catalyst theory" falls on the other side of the line from these examples. It allows an award where there is no judicially sanctioned change in the legal relationship of the parties. Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the "complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted." This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary.... A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

532 U.S. at 600-05 (citations omitted).

Following *Buckhannon*, we "concluded that the phrase 'prevailing party' in [fee-shifting] statutes should be treated the same ... unless there is some good reason for doing otherwise." *Green Aviation*, 676 F.3d at 202 (ellipsis in

original) (citing *Oil, Chem., & Atomic Workers Int'l Union, AFL–CIO v. Dep't of Energy*, 288 F.3d 452, 455 (D.C. Cir. 2002)). We have "joined other circuits in acknowledging that the burden of establishing 'good reason[]' not to apply *Buckhannon* is not easily met." *Id.* (alteration in original) (citation omitted).

Cactus Canyon concedes that we have applied *Buckhannon*'s interpretation of the phrase "prevailing party" to the EAJA administrative adjudication provision, 5 U.S.C. § 504(a)(1), that is at issue in this case. We did so in *Turner* without "determin[ing] whether the understanding of 'prevailing party' in *Buckhannon* necessarily or always applies to that phrase in § 504(a)(1)." *Turner*, 608 F.3d at 15 n.3. And we did so again in *Green Aviation*, in which we rejected the petitioner's efforts to establish "good reason" not to apply *Buckhannon*. *Green Aviation*, 676 F.3d at 203. In the present case, Cactus Canyon has also failed to present "good reason" not to apply *Buckhannon*'s interpretation of "prevailing party."

Cactus Canyon first argues that there is "good reason" based on certain statutory provisions of the Mine Act, which allegedly differ from the civil rights statutes at issue in *Buckhannon*. Cactus Canyon notes that the Mine Act requires the Secretary to issue citations for violations, makes citations and accompanying penalties binding until terminated, and provides separate prosecutorial and adjudicatory functions for the Secretary and the Commission. But Cactus Canyon never explains why these purported differences matter. The only remotely discernable explanation given by Cactus Canyon is that applying *Buckhannon* to the administrative adjudication provision of the EAJA would allow the Secretary to avoid paying attorney's fees in certain cases by vacating citations. This concern is insufficient to prevent the application of

*Buckhannon* to 5 U.S.C. § 504(a)(1). Indeed, in *Green Aviation*, we found no merit in an argument that was nearly identical to the one advanced here by Cactus Canyon. *See Green Aviation*, 676 F.3d at 203. The court noted that "in *Buckhannon*, the Supreme Court rejected the relevance of such policy arguments . . . given its view of the 'clear meaning' of the phrase 'prevailing party.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 610); *see also Alegria v. District of Columbia*, 391 F.3d 262, 265 (D.C. Cir. 2004) (recognizing that *Buckhannon* had given "short shrift" to similar policy arguments).

Cactus Canyon argues further that there is "good reason" based on certain statutory differences between the EAJA's administrative adjudication provision and the civil rights statutes at issue in *Buckhannon*. Cactus Canyon notes that 5 U.S.C. § 504(a)(1) prohibits fee recovery by the government and entitles a "prevailing party" other than the government to recover fees unless the agency's position was substantially justified. Again, however, Cactus Canyon neglects to put forth any rationale for why these purported differences are significant. We see none.

Finally, Cactus Canyon contends that the legislative history of the EAJA clearly demonstrates that a defendant who obtains a voluntary dismissal is entitled to "prevailing party" status. Tellingly, Cactus Canyon cites as its principal support a Seventh Circuit decision that expressly rejected this argument. *See Jeroski v. Fed. Mine Safety & Health Review Comm'n*, 697 F.3d 651, 654-55 (7th Cir. 2012). As the Seventh Circuit noted, despite particular statements in the EAJA's legislative history that favor the position advocated by Cactus Canyon, the legislative history does not make clear that a voluntary dismissal necessarily entitles a defendant to "prevailing-party status." *Id.* Furthermore, "similar language

appeared in the legislative history of the fee-shifting provisions at issue in *Buckhannon*, and the Court was unmoved by it." *Id.* at 654 (citing *Buckhannon*, 532 U.S. at 607-08). Like Cactus Canyon's other arguments, the EAJA's legislative history does not provide "good reason" not to apply *Buckhannon* in this case.

**B.  Cactus Canyon's Alternative Claim Fails Under the Law of the Circuit**

Cactus Canyon's alternative claim, that it was a "prevailing party" under *Buckhannon*, is foreclosed by this court's precedent in *Turner*.

In *Turner*, the Federal Aviation Administration ("FAA") suspended the certifications of two pilots, who then appealed to the National Transportation Safety Board ("NTSB"). 608 F.3d at 13. Prior to the scheduled hearing, the FAA withdrew its complaints and the ALJ issued an order terminating the proceedings. *Id.* The ALJ's order did not specify whether the dismissal was with or without prejudice. *Id.* The two pilots then sought to recover attorney's fees under the EAJA, 5 U.S.C. § 504(a)(1). *Id.* The *Turner* court explained that this circuit "has distilled from *Buckhannon* a three-part test for determining whether a party has 'prevailed': (1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Turner*, 608 F.3d at 15 (citation omitted). Applying this test, the court held that the pilots were not "prevailing parties" because they had failed to obtain judicial relief. *Id.* at 16.

The court concluded that although the ALJ's order was silent on the subject, the ALJ had dismissed the pilots'

complaints without prejudice. *Id.* at 15. The court reasoned that such a conclusion was consistent with the rule in civil proceedings that, in situations such as those posed in *Turner*, the dismissal is presumed to be without prejudice. *Id.* (citing FED. R. CIV. P. 41(a)(2)). Furthermore, treating the silent order as a dismissal without prejudice was consistent with NTSB practice. *Id.* at 15-16.

Ultimately, the court in *Turner* explained:

Because the ALJ dismissed the cases without prejudice, there was nothing in th[e] case analogous to judicial relief. . . . For all practical purposes, the FAA had unilaterally ended the adversarial relationship between the parties, leaving them where they were before the complaint was filed. . . . Had the ALJ done nothing, the pilots would have been in essentially the same position as they were after the ALJ dismissed th[e] case. These circumstances do not make them prevailing parties according to the criteria of *Buckhannon* . . . .

*Id.* at 16 (citations omitted).

The material facts in the present case are nearly identical to those at issue in *Turner*. The Secretary issued citations to Cactus Canyon, who then appealed to the Commission. Prior to the scheduled proceedings, the Secretary withdrew the citations and the ALJ issued an order terminating the case. And although the ALJ's order was silent on the subject, it is properly viewed as a dismissal without prejudice. *See* 29 C.F.R. § 2700.1(b) ("On any procedural question not regulated by the [Mine] Act, these Procedural Rules, or the Administrative Procedure Act . . . , the Commission and its Judges shall be guided so far as practicable by the Federal

Rules of Civil Procedure and the Federal Rules of Appellate Procedure.").

In *USA Cleaning Service & Building Maintenance v. Secretary of Labor*, 33 FMSHRC 2264 (2011), *aff'd sub nom. Jeroski*, 697 F.3d 651, which is similar to this case, the ALJ issued an order granting the Secretary's motion to dismiss the underlying proceeding. The order was silent on whether dismissal was with prejudice. The employer subsequently sought fees under EAJA. In a decision relying heavily on *Turner*, the ALJ found that the employer was not a "prevailing party" because the underlying proceeding had not been dismissed with prejudice. *Id.* at 2268. The same conclusion follows from the facts here. The Secretary unilaterally ended its relationship with Cactus Canyon, leaving the parties where they were before the citations were issued. And the order of dismissal was not with prejudice. Therefore, we are bound by our previous determination in *Turner* that, given these circumstances, Cactus Canyon is not a "prevailing party."

Cactus Canyon attempts, unsuccessfully, to distinguish *Turner*. Cactus Canyon notes that in this case the MSHA sought civil penalties, whereas in *Turner* the FAA sought injunctive-type relief. This is true, but irrelevant. Nothing in *Turner* suggests that the type of remedy was germane to the court's "prevailing party" analysis, nor has Cactus Canyon identified a basis for according this factual difference any significance. Cactus Canyon also claims that more time elapsed in this case between the initiation of the administrative proceedings and the termination of the case than in *Turner*. Again, nothing in *Turner* suggests that the amount of time elapsed is relevant to determining whether the EAJA applicant is a "prevailing party," nor has Cactus Canyon provided a reason why it is relevant.

"[T]he precedential value of a decision is defined by the context of the case from which it arose." *UC Health v. NLRB*, 803 F.3d 669, 683 (D.C. Cir. 2015) (Edwards, J., concurring). "If, in light of that context, the decided case is materially or meaningfully different from a superficially similar later case, the holding of the earlier case cannot control the latter." *Id.* Here, there is no material or meaningful difference between the facts at hand and the facts in *Turner. Turner* is thus controlling. We do not say this lightly. "For judges, the most basic principle of jurisprudence is that we must act alike in all cases of like nature because [i]nconsistency is the antithesis of the rule of law." *Id.* at 681 (citing *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (alteration in original) (en banc)).

In an effort to avoid *Turner*, Cactus Canyon cites the Commission's decision in *Secretary of Labor v. Black Diamond Construction, Inc.*, 21 FMSHRC 1188 (1999). In that case, the Commission awarded attorney's fees under EAJA after the Secretary had vacated citations. *Id.* at 1188. But, as Cactus Canyon acknowledges, "[t]he Secretary did not try to advance a 'prevailing party' defense in *Black Diamond*." Br. of Petitioner at 45. And, more importantly, *Black Diamond* was decided before the Supreme Court's decision in *Buckhannon*, and before this court's decision in *Turner*. It thus carries no weight here.

Cactus Canyon also argues that the Commission's dismissal following the Secretary's decision to vacate the citations has *res judicata* effect, and because the Secretary is prohibited from re-issuing the citations, Cactus Canyon is a "prevailing party." This argument is likewise baseless. In *District of Columbia v. Straus*, we noted that "[r]es judicata effect would certainly qualify as judicial relief where, for

example, it protected the prevailing [party] from having to pay damages or alter its conduct." 590 F.3d 898, 902 (D.C. Cir. 2010). In *Green Aviation*, we applied this principle to find that the petitioner was a "prevailing party" under 5 U.S.C. § 504(a)(1). There, the FAA brought and then withdrew a complaint against a chartered flight operator for allegedly violating the FAA's safety regulations. 676 F.3d at 201. Following the FAA's withdrawal of the complaint, the ALJ dismissed the proceedings *with prejudice*. *Id.* In a subsequent proceeding for attorney's fees under the EAJA, we reversed the FAA Administrator's determination that the petitioner was not a "prevailing party" under *Buckhannon*. *Id.* at 205. We explained that the petitioner had sufficiently obtained judicial relief because "the dismissal with prejudice has *res judicata* effect" and the agency was therefore barred from re-filing a complaint based on the same set of facts. *Id.* at 204-05. We noted that, unlike in *Turner*, the parties were "not where they were before the complaint was filed." *Id.* at 204 (citing *Turner*, 608 F.3d at 16). Instead, the petitioner was "protected . . . from having to pay damages" because of the dismissal with prejudice. *Id.* (ellipsis in original) (citation omitted).

Nothing in the record before us suggests that the ALJ's dismissal in this case has *res judicata* effect or bars the Secretary from re-issuing the citations against Cactus Canyon. Unlike in *Green Aviation*, the ALJ's dismissal in this case was without prejudice. "Dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (alterations, ellipsis, and citation omitted). The Commission can, as it has done in the past, dismiss proceedings with prejudice when the Secretary vacates a citation. *See, e.g.*,

*Sec'y of Labor v. N. Am. Drillers, LLC*, 34 FMSHRC 352, 355 (2012). But it did not do so here.

### III. CONCLUSION

For the foregoing reasons, Cactus Canyon is not a "prevailing party," and we deny the petition for review.